BLISS, ADMINISTRATOR OF LEWIS V. SMITH, ADMINISTRATOR
OF YANCEY.

1. By the statute of uses, the possession of the vendor is transferred to, and be-
comes the possesion of the vendee, *co-intanti* with the execution of the deed of
conveyance.
2. It is no defence to an action on a note given for the price of land sold, and con-
veyed with covenants of warranty, that the vendor died in possession of the land,
and that the legal title to it was in another person, at the time of the sale.
3. So long as the conveyance exists, and the vendee is not evicted from the lands
conveyed, he is precluded, in the absence of fraud, from disputing the title of the
vendor.

Writ of error to the Circuit Court of Sumter county.

ACTION of assumpsit, to recover the amount of a promissory
note. No plea appears in the transcript of the record; but the
cause was tried by a jury, as on issue joined. Verdict and
judgment for the plaintiff.

The defendant gave in evidence, a deed from John Yancey,
the plaintiff's intestate, to Moses Lewis, the defendant's intes-
tate, John C. Whitsett, Daniel Green, and Christopher C. Scott,
for the south half of the S. W. quarter of section 20, in town-
ship ten north, of range eighteen east, with covenants of warran-
ty, dated 30th July, 1835; also, a patent for the same, to one
Nock-ae-tubba, dated 3d November, 1837: thus showing para-
mount title in him. Evidence was also given, tending to show,
that the note sued on, was given by Lewis to Yancey, in con-
sideration of the purchase of the said land; and that Yancey
died in possession of it.

On this state of facts, the Circuit Court instructed the jury,
that the failure of title under the deed, was not a defence to the
action, under the circumstances stated, there being covenants of
warranty. To these instructions, the defendant excepted, and
assigned for error, that the Circuit Court erred, in giving this
charge to the jury.

35

ERWIN, for the plaintiff in error—insisted that there was no title whatever in the vendor, and therefore, there was a total failure of the consideration for which the note was given: this was more especially the case, as the possession was never given to the vendee; but remained in the vendor, at the time he died. He cited, and relied on, Christian v. Scott, (1 Stewart 490:) Peden v. Moore: (1 Stewart & Porter, 71:) and Watson v Jordam, (3 ibid. 92.)

MURPHY, contra.

GOLDTHWAITE, J.—1. Much stress has been laid on the circumstance of the vendor's remaining, and dying, in the possession of the land sold and conveyed; but this is not so important as the counsel for the plaintiff in error considers it; because the possession of the vendor is in all cases, transferred to the vendee *eo instanti* with the execution of the conveyance, by the statute of uses; (Aik. Dig. 94, § 37.)

2. This being the operation of the statute, the entire argument fails; for the authorities cited, are conclusive to show, that the want of title is no defence, where the possession remains with the vendee.

But the defence attempted in this case, does not make out a failure of title. The patent may have been issued to Nock-ae-tubba, and yet no covenant of Yancey be broken: Nock-ae-tubba may have conveyed to Yancey, with covenants of warranty, in which event, the former would be *estopped* by his deed, from disputing the title of the latter.

3. We consider it as clearly settled, that a vendee, who is not evicted from the lands sold, cannot dispute the title of his vendor, in any case, where he claims under an executed conveyance, in the absence of fraud.

The reason of this rule is founded in the obvious policy, of not permitting one, at pleasure, to disavow a title which he has admitted, by receiving a conveyance founded upon it; and because a court of law, cannot place the parties in the condition they were in, when the conveyance was executed.

Let the judgment be affirmed.