# CHAPMAN v. GLASSELL.

1. Although a deed recites, that the grantor, has "granted, bargained, and sold," a tract of land, the title will not pass, if from the whole instrument, and a contemporaneous agreement executed by the parties, it is evident a title bond was intended by the parties, and not a conveyance of the land in *præsenti*.

2. A vendee, holding only a bond for title, cannot resist a recovery at law, when the vendor sues to recover the possession. His remedy is in equity to file a bill to redeem. A purchaser from the vendee without notice, is in no better condition, as it was his duty to inquire into the nature of the title he was purchasing. Notice to quit previous to the institution of the suit is not necessary.

3. It is no obstacle to the maintenance of an action at law, by the vendor, to recover the possession, that he is prosecuting a suit in chancery to foreclose his equitable mortgage.

Error to the Circuit Court of Sumter. Before the Hon. G. W. Stone.

TRESPASS to try title, instituted in the circuit court of Sumter county, by Andrew Glassell, against the plaintiff in error, to recover possession of certain land, particularly described in the writ and declaration, and damages for their detention. The cause was submitted to a jury, and a verdict was returned for the plaintiff below, for the land and $238 20 damages, upon which judgment was rendered. It appears from a bill of exceptions, sealed at the trial, that the plaintiff below proved a regular chain of title from the government of the United States to himself, and also proved the defendant in possession at the time of the commencement of the suit, and the value of the rent accruing upon said land. The plaintiff in error then proved, and read in evidence, a title bond, made by the said Glassell to one Alexander Chapman, which recites that " the said Glassell, in consideration of the sum of $3600, the receipt whereof is thereby acknowledged, hath this day granted bargained and sold unto Alexander Chapman the following described tracts of land," (here follows a description of the land.) "Now should the said Glassell make to the said Alexander Chapman titles in fee simple to the above mentioned tracts of land, then this obligation to be void, otherwise to remain in full force and effect. It is further agreed between the parties, that said Glassell make such titles as he has to the above land." It was further shown, that at the date of the above instrument, viz: the 18th November, 1839, said Alexander Chapman went into possession of the premises described in said bond and declaration, and on the 24th of November, 1840, he sold said land to the plaintiff in error, and at the same time executed to him a deed of conveyance for the same. That the plaintiff in error thereupon entered upon the land, and was in actual possession at the commencement of this suit. The said Glassell then read in evidence to the jury an agreement, which was proven to have been executed on the same day, upon which the title bond above referred to was made, and to

have formed a part of the same transaction, by which said Alexander Chapman, in consideration of the sale of said land, agreed, as a condition to be performed by him, before Glassell should be bound to execute to him a deed for said land, to procure the extinguishment of certain liabilities of said Glassell upon two notes, one payable to Edwin, and the other to Mary E. Davis, for amounts specified in the instrument. The defendant had no knowledge at the time of the conveyance from Alexander Chapman to him, of the existence of the last named agreement. That Alexander Chapman had not performed the stipulations contained in this agreement, but the defendant, since the conveyance to him, had paid to Mary E. Davis about $1600; Glassell having himself paid a considerable amount on the notes. It further appears, that Glassell had filed his bill in chancery to subject the land to the payment of the unpaid purchase money, which bill was pending at the time of the trial. There was no proof of any demand by plaintiff below of the possession, nor was any notice to quit given to defendant in the action, before the suit was instituted.

Upon this state of facts, the defendant in the court below requested the court to charge the jury, that if they believed from the proof, that the said defendant, when he received a conveyance and went into possession of the land sued for, had no notice that the purchase money remained unpaid, the plaintiff had no right to recover of the defendant in a court of law. 2. That the legal effect of the instrument given by Glassell to Alexander Chapman was to convey to said Alexander the legal title in the land therein described, and that if defendant (R. Chapman) purchased and received a conveyance without notice of the purchase money remaining unpaid, the plaintiff could not recover. 3. That under the facts proved, the plaintiff had no right to recover, unless before action brought, he had demanded the premises in question, or given the defendant notice to quit. These several charges were refused, and in lieu of them charged the jury, that if they believed the facts stated had been duly proved, the plaintiff had a right in law to recover. The plaintiff in error assigns as cause for reversal, the matter of the bill of exceptions, and that the court rendered judgment for damages.

REAVIS and LYON, for plaintiff in error, argued—

1. The instrument executed by Glassell, conveyed all the title to Alexander Chapman, that Glassell had. Clay's Dig. 156, § 31, 33, 35; 7 Smedes & M. Rep. 488.

2. It was at least a covenant to stand seized to the use of Chapman, and if any equities subsisted between Glassell and Chapman, not apparent on the instrument, they could only be enforced in a court of chancery. Clay's Dig. 156, § 35.

3. The legal title subsequently obtained by Glassell, inured to the benefit of Alex. Chapman, and consequently to his vendee. McGee v. Andrew & Eastis, 5 S. & P. 426; Kennedy & Moreland v. Heirs of McCartney, 4 Por. 142.

4. The instrument shows the payment of the purchase money, and that nothing was to be done by Chapman in order to obtain a title; Chapman, the plaintiff in error, purchasing without notice of the collateral agreement, is not affected by it. Mallory v. Stodder, 6 Ala. R. 801.

5. Chapman and his vendee being lawfully in possession, under a contract of purchase, could not be sued at law for the possession, without a previous demand, or notice to quit.— Right ex dem Lewis, et al. v. Beard, 13 East, 210.

6. The vendee of Alexander Chapman is substituted to all his rights; and he being in possession under a contract of purchase from the plaintiff, was not liable to damages for detaining the premises, even after the law day, if there was any; for if the plaintiff was entitled to recover, he could only hold the land until the rents and profits paid the incumbrance. Haley v. Bennett, et al. 5 Porter, 452.

7. Glassell had his election, either to sue at law or in chancery; having elected to sue in chancery, as shown by the bill of exceptions, he had no right to recover at law.— Haley, et al. v. Bennett, 5 Por. 452.

8. The plaintiff below could not recover the premises by a suit at law; the decision to the contrary in Haley v. Bennett, 5 Porter, 470, is unsupported by authority, and is not law.

SMITH, for defendant.

CHILTON, J.—Most of the points presented by the record in this cause for reversion are of easy solution. The instrument exeĉuted by Glassell to the vendor of the plaintiff in error, Alexander Chapman, cannot, by any fair rule of construction, pass the *legal title* to the land embraced in it. By its terms, it recites that the said Glassell, for and in consideration of the sum of $3600, the receipt of which is thereby acknowledgcd, has granted, bargained and sold unto the said Alexander Chapman, the premises, &c., but the condition upon which the instrument is to be void is, that the said Glassell make to the said Chapman, title in fee simple to the land, &c.

Now, contracts are to be taken and construed according to the intent of the parties, and this intent should be ascertained from the whole instrument. Ely, use, &c. v. Witherspoon, 2 Ala. R. 131. If the parties had intended this instrument to operate as a conveyance *in praesenti*, why does the obligor stipulate, at a future day to give, and the obligee to receive, title in fee simple to the land ? Did this construction admit of any doubt, the meaning of the parties is put beyond all question, when we consider the contemporaneous agreement signed by Alexander Chapman, which, after reciting the execution of the instrument above referred to, and designating it "a title bond," expressly provides as a condition to be performed before he can demand title, that he is to pay certain notes outstanding against said Glassell in the hands of Edwin and Mary E. Davis. These instruments, made at the same time, in regard to the same transaction, are to be taken together. Their legal effect is that of an obligation on Glassell to make title to the land described when Alexander Chapman shall have performed the condition, in the payment or extinguishment of the notes mentioned in the agreement signed by him.

Regarding Alexander Chapman as holding under a bond for title, he had only an inchoate equity, which he could perfect by the payment of the purchase money, and being destitute of *a legal* title to the premises in suit, he did not, by his conveyance to the plaintiff in error vest any such title in him. Thus situated, the defendant below could not resist a recovery on the part of Glassell, the vendor, but by filing

his bill to redeem the premises; the vendor's lien for the unpaid purchase money being in the nature of a mortgage.— Haley, et al. Bennett, 5 Porter, 452; Roper v. McCook, et al. 7 Ala. R. 318, and cases there cited. Nor can we perceive how the title of the plaintiff in error can be aided by the statutes referred to by the counsel. By the 20th section of the act passed in 1803, (Clay's Dig. 156, § 31,) it is provided that the words, grant, bargain, sell, *occurring in deeds required by the act to be recorded*, shall be adjudged an express covenant to the grantee, his heirs, &c., of seizin on the part of the grantor, &c., and for quiet enjoyment. If we are right in our construction as to the legal effect of the instruments under which the plaintiff in error claims, and of this we feel no doubt, the statute above noticed can have no application to the case, as it applies to conveyances, not to bonds for title. So neither can the plaintiff in error be aided by the statute of uses, (Clay's Dig. 156, § 35,) the instruments under which he claims title not coming within the description of any of the conveyances or covenants specified in the statute. The effect of this statute is, to transfer the property to the person entitled to the use, dispensing with livery of seizin. 1 Ala. Rep. 273.

It is insisted, that as Alexander Chapman went lawfully into the possession of the premises sued for, and conveyed to the plaintiff in error, who purchased without notice of any lien for the purchase money, his possession should be protected—at all events there should be a demand of possession, and notice to quit, before he is liable to be sued as a trespasser. We think the law is otherwise. Regarding the transaction in the character of a mortgage, the plaintiff in error can occupy no better condition than the mortgagor. In the language of Lord Mansfield, in Kuck v. Hall, Doug. 22, "whoever wants to be secure when he makes a purchase, should inquire after and examine the title deeds." Want of notice of a fact, which is the result of a want of that diligence which the law requires for its ascertainment, furnishes no ground for protection. As it respects demand of possession, or notice to quit, Mr. Powell, in his work on Mortgages, (vol. 1, p. 176, a,) lays down the doctrine, that after

breach of the condition, the mortgagee may consider the mortgagor as tenant by sufferance, and evict him by ejectment, as an ordinary tenant of that description. He also adds, "that a notice to quit, or demand of possession is not necessary to the success of such ejectment." We are strongly inclined to the opinion that such is the correct rule, even as it respects technical mortgages, although it has been ruled differently in New York; yet the Supreme court of that State have repeatedly held, that the case of a vendor suing to recover land after default of payment by the vendee, is an exception to the rule requiring notice to quit. Jackson v. Moncrief, 5 Wend. 26; Jackson v. Miller, 7 Cowen, 751, and authorities there cited. We think the circuit court very properly refused to instruct the jury, that proof of demand of possession, or notice to quit, was necessary to sustain the plaintiff's action. See also, Jackson v. Hopkins, 19 Johns. 487. The right to maintain this action is not at all affected by the pendency of the chancery proceedings to sell the land for the purchase money. The mortgagee has, after default of payment, the right to the possession, and having possession, has the right to foreclose. "He may sue at law upon his bond, or covenant, at the same time he is proceeding on his mortgage in chancery, and after a foreclosure, may collect the deficiency at law." This is regarded by Chancellor Kent, (3 Johns. C. R. 431,) as the settled law, and referred to without disapprobation in Haley, et al. v. Bennett, 5 Por. R. 471, in which last named case it was held, that the recovery by the vendor of the possession of the land, does not annul the contract.

The question as to the right of the plaintiff below to recover damages for the detention of the land, is not presented by the record, though argued at the bar. To authorize this court to consider it, the question should have been raised in the court below, in the form of instructions to the jury, or otherwise. The instructions prayed for in the court below, not being in accordance with the views here presented, the court properly refused them. Let the judgment be affirmed.