## DOE EX DEM. NICKLES v. HASKINS.

1. When title by prescription is not complete, when the law is changed, altering the period, the past time is effaced, and the substituted law determines the time, which bars a recovery.
2. A bond for title to land, though coupled with the possession, is but an equitable title, and cannot be set up as a bar to a recovery in ejectment.

3. When land has been sold under execution, a deed by the defendant in execution, to his vendee, holding his bond for title for the land, *made after the sale under execution,* will not prevail against the purchaser at the sheriff's sale, who has had the legal title of the defendant conveyed to him by the sheriff.

Error to the Circuit Court of Randolph. Before the Hon. Nathan Cook.

THIS was an action of ejectment, instituted by plaintiff against defendant in error. On the trial, the plaintiff gave in evidence a judgment, rendered on the 3d October, 1837, in favor of Nickles, Poor & Hall, for $810, against Peter Dudley and one Brinson: an execution issued thereon: proved a sale of the land in controversy, by the sheriff, under it, and the sheriff's deed, dated 7th Sept., 1840. He also introduced a patent from the United States for the land to said Dudley and E. Henry, dated 18th Sept. 1843.

The defendant proved, and read in evidence, a bond for title, executed to him by Joseph F. Henry, Peter Dudley, and William C. Morgan, dated the 25th October, 1836, and proved the payment by him of the purchase money for the land, and his possession under said bond, from its date, and a deed from Henry and Dudley, dated 1st December, 1846; and proved that he gave notice on the day of the sheriff's sale, of his claim and title to the land, in the presence of the plaintiff. The court charged the jury, 1st. That if the defendant had been in quiet possession of said land since the date of the bond, his possession, coupled with said bond, was sufficient to defeat the title of the plaintiff in this action, and they must find for the defendant. 2d. That if the deed, as shewn, was executed in pursuance of the bond, the defendant had a right to recover.

To these charges the plaintiff excepted, and now assigns them as error.

MORRIS, for plaintiff in error.

1. The plaintiff made out a legal title. The bond for title cannot be read to defeat the recovery at law. Chapman v. Glassel, 13 Ala. R. 50; Jackson v. Pierce, 2 Johns. 226; Smith v. Allen, 1 Blaf'd. 22. 2. The first charge of the

Doe ex dem. Nickles v. Haskins.

court is error, because it declares an equity a good defence against the legal title. 3. The second charge is incorrect, because it asserts that the possession, coupled with the bond, (which is nothing more than an equity,) overrides the plaintiff's lien, by reason of the subsequent execution of the deed.

. No counsel for defendant.

COLLIER, C. J.—1. The first charge to the jury was doubtless induced by the supposition that more than ten years having elapsed previous to the institution of the suit, after the execution of the bond to convey title and the defendant's possession under it commenced, the act of February, 1843, operated a bar to a recovery. The second section of that statute is as follows: "All actions for recovery of lands, tenements, or hereditaments in this state, shall be brought within ten years after the accrual of the cause of action, and not after: *Provided*, that five years be allowed under both sections of this act, for infants, femes covert, insane persons, and lunatics, after the termination of their disabilities to bring suits." By the *proviso* to the first section, it is declared, " that no suit shall be barred by the operation of this act, within five years from its passage." Clay's Dig. 329, § 92, 93.

In Henry and wife et al. v. Thorpe et al., 14 Ala. Rep. 103, we considered the act referred to, in connection with the pre-existing enactments, and said, that the weight of authority maintains, " that it is competent for the legislature to modify the terms of prescription at pleasure, and where the prescription has not been completed when the law was changed, the past shall be effaced, and the substituted law shall determine the time that bars a recovery." It was added, that upon any change of the law in this respect, it was allowable " to make such special provisions as are deemed expedient, but if a contrary intention is not manifested, the entire term prescribed by the new law, must elapse after it takes effect, before the prescription is complete."

It is unnecessary to consider whether the *proviso* to the first section will not apply to the second also : for however this may be, not even five years from the passage of the sta-

tute had elapsed before the present suit was commenced, and it is therefore clear that it could not be invoked as a bar to the action.

The bond, at most, could only invest the defendant with a mere equitable title, which a court of chancery would perfect, by enforcing a specific execution of the contract, and such title cannot be set up as a bar to a recovery in ejectment. Chapman v. Glassell, 13 Ala. Rep. 50 ; Agricultural Bank v. Rice, 4 How. Rep. U. S. 225; Ridgeley's lessee v. Britton, 4 H. & McH. Rep. 507; Mathews v. Ward, 10 G. & Johns. Rep. 443.

2. The second charge assumes, that if the deed was executed in pursuance of the bond, that the defence was complete. We have seen, that the bond, and possession under it, cannot avail the defendant, at law, and the question is, whether the deed, which, in form, professes to convey all the title of the defendant, can prevail against the purchaser at the sheriff's sale. There can be no question that the reason of the law which inhibits the sale of land in the adverse possession of another person, who claims a title, does not apply to sales made under the authority of the law; consequently, it has been often held that land in such a condition may be sold under execution, and all the title of the defendant in execution passes to the purchaser. 4 Kent's Com. 4th ed. 347, n. 4; Kelly v. Morgan, 3 Yerg. Rep. 437 : Frizzle v. Veitch, 1 Dana's Rep. 211 ; Violett v. Violett, 2 ib. 324. The reason of the rule which exempts from levy and sale, personal property in the possession of a third person, under a *bona fide* claim of property, is alike inapplicable. Weir v. Davis & Humphries, 4 Ala. Rep. 442 ; Horton v. Smith, 8 ib. 73.

The defendant in execution, at the time the land in question was sold, had not executed a deed pursuant to his bond, and consequently had a legal title which might be sold and conveyed by the sheriff. Clay's Dig. 205, § 16, 17 ; 350, § 31. By such a sale in this case, the lessor of the plaintiff was invested with all the title of the defendant in execution. Upon this assumption, which is but a sequence from the law as we have stated it, we think it must follow that the defendant's vendor was incapacitated from performing his contract by making an operative conveyance as against the plaintiff

in execution; and that the deed, though intended as the fulfilment of the condition of his bond, was wholly ineffectual as against the purchaser at the sheriff's sale. The premises we have laid down are well supported, and the conclusion seems to us to be the obvious result. The judgment is therefore reversed, and the cause remanded. If, however, the defendant has equitable rights, a court of chancery can protect them, and perfect his title.