132  341
136  498

# Young v. Latham.

## *Statutory Action of Ejectment.*

[Decided November 14, 1901.]

1. *Contract to purchase land; construction of; option.*—A contract between S. and L., whereby S., for a recited consideration, agreed to convey to L. certain land at any time before a specified date, and to execute a conveyance therefor, upon the payment by L. of a specified sum, and which provided that it should be void upon the failure of L. to avail himself of the option within the time specified, or to pay said specified purchase price,—is a mere option to buy, a mere executory agreement to sell and convey at a future date should L. elect then to purchase, and it passes no interest in or title to the land to L.

2. *Executory contract for sale of real estate; option; legal remedies.*—An option or executory contract for the sale of real estate does not affect the title, and the grantee therein cannot maintain ejectment against a purchaser of the land, with or without notice of such option; his only right of action at law being an action for damages against the vendor for breach of contract.

APPEAL from Madison Circuit Court.
Tried before Hon. H. C. SPEAKE.

Statutory action in the nature of ejectment. Latham's agreement with William Smith is as follows: "This agreement witnesseth, that, for and in consideration of one hundred dollars, to the undersigned William Smith in hand paid by Samuel A. Latham, the receipt of which is acknowledged, the said William Smith does covenant to and with the said Latham, that he will at any time before the first day of January, 1900, grant, bargain, sell and convey, with usual covenants of warranty, to the said Latham" certain land (describing it), "and that he will execute and deliver to the said Latham a proper deed for said lands, but upon this condition however: that on tender of such good and sufficient warranty deed as above agreed the said Latham shall pay to the said Smith the sum of One Thousand dollars in cash, and execute and deliver to said Smith his seven promissory notes of $1,000 each," etc., etc. "But in the event that said Latham shall not avail himself of this option within the time specified, or shall not pay the said cash payment of $1,000 on the tender to him January first, 1900, of a warranty deed to the premises above described, and execute his notes and mortgage as above set out for said balance of purchase money of seven thousand dollars in the manner as above agreed, then these presents are to be void; and the said William Smith is to be discharged from any liability on account thereof. Should the said Latham avail himself of this option in the manner and form above described, and comply with all the stipulations above set out the one hundred dollars now paid for this option shall be taken as a part of the cash payment of one thousand dollars to be made January first, 1900. Should, however, the said Latham fail, the said one hundred dollars now paid shall be forfeited to the said Smith, without any right of recovery in said Latham for the same." This agreement was executed March 16, 1899, and on January 1, 1900, Smith conveyed the land to Latham, according to the terms of the agreement. During the fall of 1899 the defendant Young leased the land from Smith for the year 1900, and defended under this lease.

From a judgment for plaintiff defendant appeals.

[Young v. Latham.]

COOPER & FOSTER, for appellant, cited *Cochran v. Adler*, 121 Ala. 442; *Monroe v. Hamilton*, 60 Ala. 226; 1 Devlin on Deeds, §§ 656-657.

R. W. WALKER, *contra*, cited *Land v. Hopkins*, 7 Ala. 115; *McQueen v. Ivey*, 36 Ala. 308; 1 Pomeroy's Eq. Jur., § 221; *Powell v. Dayton, etc., Ry.* 8 Am. St. Rep. 257; *Mayer v. Taylor*, 69 Ala. 403, 407; 28 Am. & Eng. Ency. Law, 70, 109; *Comer v. Shehan*, 74 Ala. 457; *Baldwin v. Lowe*, 22 Iowa 367; *Rapley v. Klugh*, 18 S. E. Rep. 680.

McCLELLAN, C. J.—The contract between Smith and Latham bound the former to sell and convey the land in question to the latter upon specified terms at the election of Latham. The agreement was unilateral in a sense in that Latham did not obligate himself to purchase, but it was not unilateral in any legal sense because a valuable consideration passed from Latham to Smith for the assumption by the latter of the obligation to sell and convey to the former: In short the contract was a purchase by Latham for one hundred dollars of the right to purchase the lands from Smith within a time and upon terms specified: an option to buy. It is plain that the contract on the part of Smith was not any more or other than an agreement to sell should Latham elect to buy, a mere executory contract to sell and convey the land at a future date upon terms then to be complied with by Latham if Latham then chose to purchase. It is too clear to require discussion that this contract passed no interest in or title to the land to Latham: Every interest in and the absolute title to the land were as entirely and essentially in Smith after this contract had been entered into as they had been before its execution. And it is equally clear that such title would have remained in Smith had he violated his contract with and refused to convey the land to Latham, and also that a conveyance by Smith of the land or any interest in it to a third person pending the term of Latham's option would carry the legal title to the land, or to whatever interest was intended thereby to be passed, into such third party. And upon such

conveyance, Latham, in a court of law at least, would have no remedy or redress except through an action for damages against Smith for the breach of the option contract. Of course in equity Latham would have rights and remedies against the grantee with notice in such a conveyance; but that is of no concern here where the action is purely legal—statutory action in the nature of ejectment—is prosecuted in a court of law, and turns upon whether the plaintiff has the *legal* title. The true doctrine is accurately and fully stated in the text and a note of the Am. & Eng. Ency. of Law, as follows: "An executory contract of sale is regarded differently at law and in equity. At law, it is a mere agreement which does not affect the title, and the breach of which gives but the right to sue for damages." (note) "In the ordinary case of an executory contract for the sale of real estate, the effect is such that at law it confers upon the vendee a mere right of action. The estate remains the estate of the vendor, and the money remains that of the vendee."—Vol. 28, p. 105; *Chapman v. Glassell,* 13 Ala. 50; *Doe ex dem. etc., v. Haskins,* 15 Ala. 619; *Johnson v. Collins,* 17 Ala. 318, 325; *Collins v. Johnson,* 57 Ala. 304.

Upon the foregoing principles the plaintiff had no right of recovery against the defendant Young to whom Smith had leased the lands after entering into the contract with Latham: The defendant had the legal title under and for the term of the lease and the right of possession. The court should have given the affirmative charge requested by defendant.

Reversed and remanded.