[Smith, Receiver, *et al.* v. Gordon.]

# Smith, Receiver, *et al. v.* Gordon.

*Bill in Equity to compel Determination of Claims and to quiet Title to Mineral Interest in Land.*

1.  *Bill to remove cloud from title; amendment to compel determination of claim under statute no departure.*—Where a bill is filed to remove a cloud from complainant's title, an amendment thereof so as to convert the bill into one to compel determination of claims and to quiet title, as provided by statute, (Code, §§ 809-813), does not constitute a departure, and is allowable.

2.  *Executory contract for sale of real estate; does not convey title.* An executory contract to convey land or the mineral interest in land, does not affect the legal title thereto; and after the execution of such contract the legal title remains in the vendor until the execution of a valid conveyance.

3.  *Same; conveyance of mineral interest; constructive possession.* Where, after the execution of an executory contract to convey the mineral interest in certain specifically described lands, the owner of such mineral interest executes a deed thereto to a party other than the holder of the executory contract, the vendee in said deed of conveyance acquires the legal title thereto, and under the statute of uses becomes invested with constructive possession; and the title and constructive possession of such vendee is not affected by a conveyance of said interest subsequently executed by the vendor to the person with whom the executory contract to convey was previously made.

4.  *Bill to compel determination of claims and to quiet title; what possession necessary to maintain bill.*—To maintain a bill under the statute to compel the determination of claims to real estate and to quiet title, (Code, §§ 809-813), possession actual or constructive is essential, and such possession must be definitely or unequivocally averred; and unless so averred the bill is without equity, and should be dismissed upon motion properly made.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. WILLIAM H. SIMPSON.

The bill in this case was filed by the appellee, Eugene

[Smith, Receiver, *et al.* v. Gordon.]

C. Gordon, against A. G. Smith, receiver of the Lady Ensley Coal. Iron & Railway Company, and others. The purpose of the bill and the facts of the case necessary to an understanding of the decision on the present appeal, are sufficiently stated in the opinion.

The appeal is prosecuted from a decree overruling the respondents' demurrer to the bill as amended and their motion to dismiss the same for want of equity; and the rendition of this decree is assigned as error.

WARD & HOUGHTON, A. G. SMITH and LEE C. BRADLEY, for appellants.—Actual or constructive possession is essential to the maintenance of a bill to compel determination of claims to land and quiet title, and must be positively and definitely alleged.—Code, § 809; *Galloway v. Hendon*, 131 Ala. 280; 31 So. Rep. 603, and authorities cited.

An executory contract to convey lands does not affect the title. The estate remains the estate of the vendor.— *Young v. Latham*, 132 Ala. 341; 31 So. Rep. 448, and cases cited.

By the statute of uses the possession of the vendor is transferred to and becomes the possession of the vendee *co instanti* with the execution of the conveyance.—Code, § 1037; *Bliss v. Smith*, 1 Ala. 273.

THOS. R. ROULHAC, *contra.*—When a contract to convey, on stipulated terms or conditions, is executed and completed by a subsequent deed, as in the case of a bond for title to make conveyance when the purchase money is paid, and other contracts for the sale of real estate, the title of the vendee relates back to the inception of the contract, and all who afterward acquire rights or conveyances from the grantor, with notice, actual or constructive, of the prior contract, take in subordination to the title of the former vendee, or obligee.—*Shelby v. Tardy*, 84 Ala. 331.

If Ensley was not in the actual possession of the property, when the deed to the Gordons was made, that deed operated, under the statute of uses and our statute dis-

pensing with livery of seizin, to transfer instantaneously the possession from the grantor to the grantees. Such has always been the law in this State.— *Bliss v. Smith,* 1 Ala. 275; *Reid v. Davis,* 4 Ala. 86; *Chapman v. Glassell,* 13 Ala. 55; *Horton v. Sledge,* 29 Ala. 478; *Pope v. Pickett,* 65 Ala. 487; Code of Ala. § 1037.

DOWDELL, J.—The appeal in this case is taken from an interlocutory decree overruling respondents' (appellants here) demurrer to the bill as amended, and their motion to dismiss the same for want of equity. The purpose of the bill as originally filed was to remove cloud from complainant's alleged title to the mineral rights in the land described, and as subsequently amended was converted into a bill under the statute (Code, §§ 809-813) to compel the determination of claims and quiet title to the mineral interest and rights in said lands. The relief sought by the original bill, and that by the bill as amended, was of a kindred nature. The change wrought by the amendment was not of such a radical character as to constitute in pleading a departure. As amended it averred in substance, that in 1881 one Pounders, then the owner and in possession of the interest in dispute, executed a contract to convey the same to the appellee and his associates, to whose rights he and other parties named in the bill have succeeded, upon certain conditions particularly set forth in said contract; that in 1882, said Pounders conveyed by deed, said interests to Enoch Ensley, the grantor of the Lady Ensley Coal, Iron & Railroad Company, subject to the rights of appellee and his associates under said contract, which deed was duly recorded within ten days thereafter; and that in 1884, said Pounders executed a deed to said mineral interests to appellee and his associates. The bill also alleged in terms peaceable possession by the complainant claiming to own said mineral interests and that his title was disputed or denied, and that no suit was pending to enforce or test the validity of the

32c

title. The bill does not stop with these general averments, but sets forth with particularity the true state of the facts, by which it is shown that neither the complainant nor respondents were in the actual possession of the interest in dispute at or prior to the time of the filing of the bill, and that Pounders was and has, since 1881, been in possession of the surface interests of the lands. The bill further alleges that the complainant was, by the execution of the deed to him by Pounders, vested with the constructive possession, of said interests under the statute of uses.

It is perfectly clear that the contract of 1881, entered into between the complainant and his associates and Pounders, was nothing more than an executory contract by Pounders to convey the mineral interests in the land upon the fulfillment of certain conditions. By it there was no present conveyance of the legal title, and it is well settled that an executory contract to convey land does not affect the legal title. The estate in law remains the estate of the vendor until the execution of a valid conveyance.—*Young v. Latham,* 132 Ala. 341; 31 So. Rep. 448. The legal title to the interest in dispute remained in Pounders until the execution by him of the deed in 1882, and by which deed the legal title was conveyed to and vested in Enoch Ensley. After this conveyance, and at the time of the deed in 1884 to the complainant and his associates, Pounders had no title to the interests in dispute which he could convey. By the statute of uses the possession of Pounders, the vendor, was transferred to and became the possession of his vendee, Enoch Ensley, *eo instanti* with the execution of the conveyance.—Code, § 1037; *Bliss v. Smith,* 1 Ala. 273. It was, therefore, a legal impossibility for a constructive possession under the statute of uses to vest in the complainant under a deed from one who had no legal estate to convey; the theory of the law being that constructive possession accompanies the legal title.

To maintain a bill under the statute to compel the determination of claims to land and to quiet a title, possession

actual or constructive is essential, and such possession must be definitely and unequivocally alleged.—Code, §§ 809, 810; *Galloway v. Hendon*, 131 Ala. 280; 31 So. Rep. 603. The averment of possession in the bill, is shown by the statement of facts set forth to be the mere statement of a conclusion by the pleader. It is inconsistent with and repugnant to the facts stated in the bill. Under the facts averred, the complainant had neither the actual nor constructive possession of the mineral interests in the land described at the time of the filing of the bill, or as for that has never had, and the bill, therefore, as one under the statute, to compel determination of claims and to quiet title, is without equity.

It follows that the decree overruling the motion to dismiss the bill for want of equity must be reversed, and a decree will be here rendered sustaining the motion and dismissing the bill.

Reversed and rendered.