# Blair *v.* Blair.

### Ejectment.

(Decided April 12, 1917.   74 South. 947.)

1. **Ejectment; Title; Possession.**—In a statutory real action, possession of land is prima facie evidence of title, and is sufficient to support recovery against all who do not show prior possession or better title.

2. **Ejectment; Legal Title; Defenses.**—In statutory real action, as the legal title only is involved, plaintiff can recover only on a superior legal title, and defendant can defeat a recovery only by legal defenses, and the equities of the parties cannot be asserted or regarded.

3. **Ejectment; Title; Possession.**—In a statutory real action the showing by plaintiff of possession in her grantors at the time of conveyance was sufficient to support the action in the absence of showing by defendant of possession of the land in himself prior to the deed to plaintiff, in which event plaintiff would have been required to show that her grantors had the legal title, and that it therefore passed to her by the deed.

4. **Evidence; Opinion Evidence; Possession.**—Possession is a fact to which a witness may testify or upon which he may give an opinion or conclusion, though this is not true as to title to land.

APPEAL from Colbert Circuit Court.

Heard before Hon. C. P. ALMON.

Statutory ejectment by Fanny R. Blair against H. W. Blair Judgment for plaintiff and defendant appeals.   Affirmed.

A. H. CARMICHAEL and A. J. ROULHAC for appellant.   MIT-CHELL & HUGHSTON for appellee.

MAYFIELD, J.—This was a statutory action, in the nature of ejectment, brought by the wife against the husband.   It was tried on the general issue of not guilty.

The plaintiff introduced in evidence a warranty deed from third parties, conveying the land to her, with proof of the fact that her grantors were in the possession of the land at the time of the execution of the conveyance, and were in such possession by and through this plaintiff and defendant as tenant; and that plaintiff continued in possession thereof until April, 1916.   The defendant introduced no witness or proof of possession, except a cross-examination of plaintiff, but did not by this means contra-

[Blair v. Blair.]

dict the direct testimony of plaintiff. At the conclusion of the evidence, and upon the request of plaintiff in writing, the court instructed the jury as follows: "If the jury are reasonably satis-.fied from the evidence that H. A. Blair and Maggie Blair were in possession of the lot sued for at and before they executed their deed to plaintiff, and that they did execute such deed for the lot sued for, then the jury will find for the plaintiff."

The giving of this charge is the only assignment of error. There was no error in the giving of this charge; if the facts hypothesized therein were true, the plaintiff was entitled to recover, and these facts were by the charge fairly submitted to the determination of the jury. And they evidently found them to be true, as they could do.

(1) The possession of land is prima facie evidence of title, and is sufficient to support a recovery against all who do not show prior possession or a better title.—*Mickle v. Montgomery,* 111 Ala. 421, 20 South. 441; *Hendon v. White,* 52 Ala. 597; *McCall v. Pryor,* 17 Ala. 533; *Badger v. Lyon,* 7 Ala. 564.

(2) In an action of ejectment, or in the corresponding statutory real action, the legal title only is involved. The plaintiff can recover only on a superior legal title. The defendant can defeat a recovery only by legal defenses. The equities of the parties cannot be asserted or regarded.—*Mitchell v. Robertson,* 15 Ala. 412; *Nickles v. Haskins,* 15 Ala. 619, 50 Am. Dec. 154; *McPherson v. Walters,* 16 Ala. 714, 50 Am. Dec. 200; *You v. Flinn,* 34 Ala. 409; *Lomb v. Pioneer Savings & Loan Co.,* 106 Ala. 591, 17 South. 670.

(3) If the defendant had shown a possession of the land in himself prior to the deed to his wife, then the plaintiff would have been required to show that her grantors had the legal title, and that it therefore passed to her by the deed; but in the absence of such proof, the possession of the grantors at the time of the conveyance was a fact sufficient to support an action by the grantee against all who show no better title—one of whom was the defendant in this action.

(4) It is argued by appellant that plaintiff showed no facts which proved that her grantors were in possession. Counsel are in error in this contention. But even if that were true, it would not compel the refusal of the charge in question, the only error assigned, because possession is a fact to which a witness may

testify or upon which he may give an opinion or conclusion, though this is not true as to title to land.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.