FRANK GOODWIN *vs*. GEORGE H. BOUTIN.

York.    Opinion July 15, 1931.

*Leroy Haley*, for plaintiff.
*Joseph R. Paquin*,
*Robert B. Seidel*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRING-
TON, THAXTER, JJ.

DUNN, J.   This is a real action. Defendant pleaded *nul dis-
seisin*; he also, by brief statement, set up equitable estoppel. At the
close of the evidence, the judge in the trial court ordered a verdict
.for the defendant. Plaintiff excepted.

The controlling question is, whether the plaintiff, upon whom the
burden of proof was imposed, introduced evidence of such a char-
acter, assuming it true and giving it full probative. value, as would
have warranted the jury in finding the issue in his favor. *Heath* v.
*Jaquith*, 68 Me., 433 ; *Jewell* v. *Gagne*, 82 Me., 430 ; *Royal, Admrx.*
v. *Bar Harbor, etc., Co.*, 114 Me., 220.

The demanded premises, a lot of land and a house thereon, in Biddeford, in York County, were owned by Mehitable W. Goodwin of that city, when she died.

Her will, duly proved and allowed, created a trust, the real estate in question comprising the corpus. The testatrix nominated a trustee to manage and control the property, and pay the net income, annually, to her son, Frank Goodwin, during his natural life. The trust attached and the trustee entered upon the discharge of his duties.

A power to convey the property, in whole or in part, if an amount of money greater than the income was necessary for the comfort and support of the son, was conferred on the trustee.

The will did not provide a remainder, but only disposed of one, should it exist, to another son, Octavius B. Goodwin. He died soon after the death of the testatrix.

Two sons of Octavius, reciting themselves his only two heirs at law, quitclaimed by recorded deed, to Frank Goodwin, the life beneficiary, the vested but defeasible interest which the will passed to their father, and which had descended to them. A quitclaim deed conveys the estate which the grantor has, and can convey by a deed of any other form. R. S., Chap. 87, Sec. 20. Such a deed will convey an equitable interest defeasible by a contingency. *Whipple* v. *Fairchild*, 139 Mass., 262.

After the conveyance, the Supreme Judicial Court, at an equity sitting in York County, on a bill filed against the trustee by the beneficiary, decreed the testamentary trust terminated and determined. On the trial of the case at bar, plaintiff introduced the decree into the evidence. For what reason, notwithstanding the trust was to continue during the life of the still living son of the testatrix, the court acting under its equitable jurisdiction relieved against the provisions of the will, is not apparent. The bill and answer in that cause, if they were in evidence, are not in the printed record; nor is the testimony; nor any finding of material facts by the judge.

What emergency of sufficient gravity had arisen to justify relief, the decree does not state. The bill of exceptions, however, recites that the decree, which was never recorded in the registry of deeds, was entered "upon proper proceedings."

Besides modifying the terms of the trust, the decree ordered that the trustee settle his final account in the Probate Court, which he did. The real estate not having been sold, the account dealt only with income.

The decree, by abridging or shortening the trust period, when, by express provision in the will, the trust was yet an active one, divested the trustee of the legal title to the real estate. Thereupon the existing remainder vested in possession. But, in the absence of registry record, or actual notice, the decree, in consequence of the entry of which such remainder then vested in possession, was without force as against third persons. R. S., Chap. 91, Sec. 61.

On the termination of the trust, plaintiff appointed an agent to collect the rentals from the property.

Fourteen years afterwards, in a petition to the Probate Court of original jurisdiction, plaintiff averred existence of the trust, his interest as beneficiary thereunder, and the decease of the trustee. He prayed the appointment of a trustee in succession. After notice and hearing, an appointment was made.

A succeeding trustee, the statutes provide, has the same powers as if he had been originally appointed. R. S., Chap. 82, Sec. 18; *Chase* v. *Davis*, 65 Me., 102, 106; *Hichborn* v. *Bradbury*, 111 Me., 519, 523.

The trustee appointed by the Probate Court conveyed the real estate to the defendant, who was not shown to have had actual notice of the decree terminating the trust, but who, in purchasing the property, as evidence tended to establish, relied upon the probate and registry records.

Plaintiff testified, over objection, that, in signing the petition to the Probate Court, he had supposed himself making an application to a bank for a loan of money. The testimony was inadmissible. Decrees of probate courts, touching matters within their authority, can not be collaterally impeached. *Taber* v. *Douglass*, 101 Me., 363, 367.

Although the action was at law, for land, equitable estoppel was open to the defendant. *Copeland* v. *Copeland*, 28 Me., 525; *Bigelow* v. *Foss*, 59 Me., 162. The law, abhorring fraud and falsehood, will not permit a man to say that what he is proven, clearly and certainly, to have said or done, as a solemn act, by which others have

acquired rights, was not according to the truth. *Ham* v. *Ham,* 14 Me., 351; *Copeland* v. *Copeland,* supra; *Dickerson* v. *Colgrove,* 100 U. S., 578, 25 Law ed., 618.

Under the state of facts in proof, plaintiff was estopped from setting up a title to the demanded premises, to the injury of the defendant. *Titus* v. *Morse,* 40 Me., 348, 352, 353; *Martin* v. *Maine Central, etc., Company,* 83 Me., 100, 104; *Rogers* v. *Portland & Brunswick St. Ry.,* 100 Me., 86; *Stubbs* v. *Franklin & Megantic Ry. Co.,* 101 Me., 355; *Holt* v. *New England Tel. & Tel. Co.,* 110 Me., 10, 12; *Davis* v. *Briggs,* 117 Me., 536, 539; *Smith* v. *Heine Safety Boiler Company,* 119 Me., 552, 564.

The verdict was properly directed for the defendant.

*Exception overruled.*