27 So.2d 632

## HEATH v. SCARBOROUGH.
### 7 Div. 850.

Supreme Court of Alabama.
Oct. 17, 1946.

Rutherford Lapsley, of Anniston, for appellant.

Hugh Walker, of Anniston, for appellee.

BROWN, Justice.

This is a statutory bill to quiet title filed by appellee against the appellant on May 15, 1944. The lands involved, as described in the bill, are the "W-1/2 of the SW-1/4 of Section 34, Township 13, South, Range 8, East, in Calhoun County, Alabama."

The appeal here is from the final decree, the testimony being taken ore tenus, including stipulations in respect thereto made in open court. By stipulation in writing it was conceded by the parties that the "lands in-

volved in this suit belonged to Charles S. McCulloh, Deceased; that Richard T. Greene, of New York, is the Executor of the Last Will and Testament of Charles S. McCulloh, Deceased, and was such at and before the time that the present controversy over the lands arose, and at the time this suit was filed; that the will of the said Charles S. McCulloh, Deceased, has been regularly admitted to probate and record in New York, * * * and also been filed for probate and admitted to probate and is of record in the office of the Judge of Probate of Calhoun County, Alabama."

This land was sold for taxes as the property of McCulloh and was purchased by George H. Butler at such tax sale on June 22, 1942. Butler sold and conveyed the land to one Bundrum and Bundrum sold the land to Heath, the defendant, on December 6, 1943. Prior to the sale of the land to Bundrum, Greene, as executor of the estate of Charles S. McCulloh, deceased, on October 4, 1943, conveyed the land to complainant Scarborough, and Scarborough within the time provided by the statute redeemed the land from the tax sale on October 12, 1943, and received a statutory certificate of redemption therefor.

The land involved is wild land and there is evidence going to show that after appellee bought the same and redeemed it from the tax sale he went into possession thereof and posted it and at that time there was no one on the land or in possession thereof.

By agreement of the parties Section 18 of the will of said McCulloh was offered, showing that power of disposal was conferred on the executor, "to sell at public or private sale from time to time and to transfer, convey, lease, exchange, mortgage, loan, pledge, or otherwise dispose of all or any part of the property, real, personal and mixed at any time forming part of my estate, upon such terms as to said executor shall seem best, * * *."

The evidence goes to show that the respondent Heath lived at Fairburn in Georgia. The respondent offered evidence going to show that one Turner in February, 1945, bought the land from Heath after the bill was filed and after the deed to the complainant had been executed and recorded and made some improvements on it and offered other evidence tending to show possession in others than the complainant, and further tending to show that complainant had not been seen on the property.

The controverted issue in the case was one of possession and there was ample evidence justifying the conclusion embodied in the decree that complainant at the time of the filing of the bill was in peaceable possession of the property.

The defendant's right was rested largely on the assertion and claim that the executor of the estate of McCulloh had abandoned the title to the property and allowed it to be sold for taxes and on the faith of such abandonment the defendant and those under whom he claims had purchased from the purchaser at the tax sale. Aside from the fact that such interest or claim as they had was acquired before the expiration of the period within which the heirs of McCulloh had a right to redeem from the tax sale, and such purported deeds as were made to the purchaser were void, for the reason that the judge of probate was without authority to execute said deed until after the time for redemption had expired, these questions were ruled against Heath on the former appeal. It was also ruled that the executor of the will was without authority to abandon and destroy the title which vested in the heirs of McCulloh, and such title could be divested only by due administration or conveyance made as authorized by the will. Heath v. Scarborough, 246 Ala. 509, 21 So.2d 438.

▮ Another contention of appellant is that the deed under which complainant claims is a quitclaim deed and that said deed was inefficacious to convey the title of McCulloh which existed in him and his heirs prior to the execution of the deed. To sustain this contention the appellant cites Tillotson's case, Tillotson v. Doe ex dem. Kennedy, 5 Ala. 407, 39 Am.Dec. 330, and Garrow et al. v. Toxey, 171 Ala. 644, 54 So. 556. These cases do not sustain appellant's contention. Their effect is clearly stated by the court in Garrow et al. v. Toxey, 188 Ala. 572, 574, 66 So. 443, 444, towit:

■ "Where one person makes a quitclaim to another, *and afterwards obtains a patent for the same lands,* the title of the patent does not inure to the grantee in the quitclaim, as it would in the case of a conveyance with warranty of title."

■ Otherwise stated, a quitclaim only conveys such title as the grantor has at the time of its execution. If the grantor has a good legal title the quitclaim is as effectual to pass it as a warranty deed. 26 C.J.S., Deeds, § 118, p. 415; Goodwin v. Boutin, 130 Me. 322, 155 A. 738.

We find no error in the record.

Affirmed.

GARDNER, C. J., and LIVINGSTON and SIMPSON, JJ., concur.