44 So.2d 741

### HOUSTON v. BURKE.

### I Div. 363.

Supreme Court of Alabama.

March 2, 1950.

Outlaw, Seale & Kilborn, Mobile, for appellant.

360

Inge, Twitty, Armbrecht & Jackson, Mobile, for appellee.

STAKELY, Justice.

This is an appeal from a judgment for the plaintiff Granville Burke (appellee) in a statutory action in the nature of ejectment against the defendant Adell Houston (appellant). The complaint is in code form and the case was tried under the general issue and resulted in a verdict for the plaintiff. At the conclusion of the evidence the court gave the general affirmative charge with hypothesis for the plaintiff. The following salient facts appear to be undisputed.

On July 1, 1933 the plaintiff Granville Burke made a written contract with Dora McGovern to purchase from Dora McGovern the property sued for in the complaint, which is a house and lot situated in the City and County of Mobile, Alabama. On November 29, 1933, the plaintiff Granville Burke and his then wife Catherine assigned to John Ricketts the foregoing contract of sale. On March 30, 1937, Granville Burke and his wife Catherine were divorced. On August 13, 1937, John Ricketts and wife by warranty deed conveyed the property sued for in this suit to the plaintiff Granville Burke. On December 23, 1937, the plaintiff Granville Burke married the defendant. On May 29, 1945, plaintiff's former wife Catherine Burke, now Catherine Burke Coleman, executed a quitclaim deed to the property to Granville Burke and his second wife Adell Burke. On April 15, 1947, appellant and appellee were divorced. On May 18, 1948, appellee filed this action against appellant.

Granville Burke is a native born West Indian but a naturalized American citizen at the time of bringing this suit. Being of foreign birth Burke was unfamiliar with local custom. At the time Burke entered into the written contract to purchase the property from Dora McGovern, he was in possession of the property and was living on the property with his then wife Catherine Burke, who subsequently became Catherine Burke Coleman. Granville Burke remained in continuous possession of the premises from July 1, 1933 to April 13, 1947.

The assignment referred to above to John Ricketts was made in order to secure John

Ricketts, a friend and shipmate of Granville Burke, for a loan of the money due Dora McGovern on monthly installments being actually paid by Ricketts directly to Dora McGovern with the understanding between Burke and Ricketts that the latter would convey the property to Burke when Burke repaid the amount which Ricketts had paid to Dora McGovern.

The decree of divorce which Granville Burke obtained on March 30, 1937, from his wife Catherine Burke did not undertake to provide for any division of the property. John Ricketts and his wife Jeanetta Ricketts having obtained title to the property from Dora McGovern, conveyed the property by warranty deed to Granville Burke.

At the time of the marriage of appellant and appellee, appellant's sister and her husband were occupying the house under and through the appellee. In her testimony appellant stated, "He gave them permission to stay there in order that they might clean up and repair it." After appellant and appellee were married they also lived in the house along with appellant's sister and her husband. The sister and husband moved out in 1940. When Catherine Burke Coleman on May 29, 1945, made the quitclaim deed to Granville Burke and Adell Burke, Granville Burke was then living on the premises with the appellant as his wife.

The decree of divorce granted Adell Burke from Granville Burke made no division of property rights. On the same day this decree of divorce was granted, Adell Burke moved out of the premises but returned the following day and has been in possession ever since. Appellant admitted that her sole claim to an interest in the property sued for was based on the quitclaim deed from Catherine Burke Coleman dated May 29, 1945, and hereinabove referred to.

I. It is the position of appellant that the court was in error in giving the affirmative charge for the appellee. The appellee testified on both direct and cross-examination that he and his first wife Catherine bought the property together. The deed from Catherine Burke to the appellant and the appellee was signed by Catherine Burke after the appellee had consulted an attorney. As stated, the appellee and the appellant were both living on the premises as husband and wife when the quitclaim deed was made. An effort was made by the appellant to prove that she paid a consideration for a half interest in the property by expending money in repair of the property. The court refused to allow the proof. Appellant testified that appellee while in possession of the property told her that Catherine owned a half interest in the property.

■ The appellee was entitled to the affirmative charge. In this connection several matters should be considered. This is a statutory action in the nature of an action in ejectment. As such it is determinable on the legal and not on an equitable title. Caldwell v. Parmer's Adm'r, 56 Ala. 405; Claraday v. Abraham, 174 Ala. 130, 56 So. 720; Lyons v. Taylor, 231 Ala. 600, 166 So. 15; Blair v. Blair, 199 Ala. 480, 74 So. 947.

■ Citing Fontaine & Dent v. Beers & Smith, 19 Ala. 722, it is contended that the statement by appellee in disparagement of his title is admissible against him. We do not think that this is the true rule or that the foregoing case is authority here. Declarations of the kind here under consideration are admitted for the purpose of showing the character or extent of possession, but are not competent to destroy or take away a vested right. To hold otherwise would be contrary to the statute of frauds. 18 Am.Jur. p. 86; Cadwalader v. Price, 111 Md. 310, 73 A. 273, 134 Am.St. Rep. 611, 19 Ann.Cas. 547.

■ Furthermore the appellant's claim to an interest in the property is based on the quitclaim deed from appellee's former wife to the appellant and appellee jointly. The former wife had no title to the property when she made the deed. A quitclaim deed can convey no more interest in the property than the grantor has at the time of conveyance. Garrow v. Toxey, 171 Ala. 644, 54 So. 556; Heath v. Scarborough, 248 Ala. 302, 27 So.2d 632.

■ The evidence is without dispute that the appellee had both possession and title

to the property or at least possession and color of title as early as July 1, 1933. At that time he was living on the property and had entered into a contract of sale to purchase the property from one Dora McGovern. It is not disclosed by the record how Dora McGovern got the property or how long she had had it. There is no suggestion of any claim thereto by the appellant prior to that date. The contract of sale between Dora McGovern and appellee was at least sufficient to constitute color of title. There is no conflict in the evidence as to the fact that from July 1, 1933 until the divorce between the appellant and appellee, that appellee was in possession of the premises and exercised acts of ownership incident thereto. Anderson v. Melear et al., 56 Ala. 621. The appellee made a prima facie case when he introduced in evidence the contract of sale from Dora McGovern and the warranty deed from Ricketts to him and by his showing of continuous prior possession. He obtained the deed from Ricketts before he married the appellee. In the case of Wetzel v. Toston, 248 Ala. 382, 27 So.2d 629, this court said:

"Introduction of the conveyance to the plaintiffs from their grantor in possession made a prima facie case, in the absence of a showing by the defendant of his possession of the land prior to the deed to the plaintiffs. * * *

"The defendant could defeat recovery only by legal defenses which would override the case made by the plaintiffs. Blair v. Blair, supra (199 Ala. 480, 74 So. 947). This he failed to do. He claimed to be possessed of certain deeds to the land which would establish his superior title, but did not produce them on trial and his entire testimony on this issue rested solely in hearsay and was properly excluded by the trial court." (Parenthesis supplied.)

And in the case of Blair v. Blair, 199 Ala. 480, 74 So. 947, this court said: "The possession of land is prima facie evidence of title, and is sufficient to support a recovery against all who do not show prior possession".

And later on in the case the court further stated: "If the defendant has shown a possession of the land in himself prior to the deed to his wife, then the plaintiff would have been required to show that her grantors had the legal title, and that it therefore passed to her by the deed; but in the absence of such proof, the possession of the grantors at the time of the conveyance was a fact sufficient to support an action by the grantee against all who show no better title—one of whom was the defendant in this action."

There was no error in giving the affirmative charge for the plaintiff. Perryman et al. v. Wright et al., 189 Ala. 351, 66 So. 648.

II. The effort was made by appellant to show that appellee had made threats against appellant. The purpose of the evidence was to show bias or prejudice and thus affect the credibility of the appellee as a witness. The court refused to allow this proof. Assuming for the sake of argument that there was error in the ruling we do not see how it could injuriously affect substantial rights of the appellant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix. There can be no dispute about the documents which were introduced in evidence and it is undisputed that the sole claim of appellant to an interest in the property is based on the quitclaim deed from Catherine Burke. It is true that the burden was on Granville Burke as plaintiff out of possession to show prior possession, but the appellant concedes such prior possession in the plaintiff since her only claim is under a deed from Catherine Burke, whose only claim to an interest in the property was when she was living on the property with Granville Burke as his wife.

III. At the conclusion of the evidence counsel for the defendant (appellant) announced to the court, "I am willing to submit without argument." Counsel for the plaintiff (appellee) then stated that they were also willing to submit without argument but would like to argue a charge and requested that the jury be excused during the argument on the charge. While the jury were excused counsel for appellee requested in writing the general affirmative charge with hypothesis and argued the charge to the court. Counsel for appellant

also argued against the giving of the charge by the court. At the conclusion of argument of counsel the court ruled that the charge should be given and announced, "Mr. Seale, I think if you have any defense it is on the equity side of the court and not over here and I will, therefore, give this charge." After the jury had returned to the jury box and the court had given the affirmative charge with hypothesis to the jury, counsel for appellant requested the right to address the jury on the question of belief of the evidence of the plaintiff. This was objected to on the ground that the right to argue the case to the jury had been waived. The court sustained the objection to which ruling exception was taken. We think the right to argue the case to the jury was waived. Cotten v. Rutledge, 33 Ala. 110; 64 C.J. p. 245.

We conclude that the judgment of the lower court should be affirmed.

Affirmed.

BROWN, FOSTER, LIVINGSTON, LAWSON and SIMPSON, JJ., concur.