# Massillon Engine & Thresher Co. v. Arnold & Co.

## Statutory Trial of the Right of Property.

1. *Bill of exceptions; when will not be considered on appeal.*—When the bill of exceptions is signed by the presiding judge in vacation, and there does not appear in the record that an order was made by the court in term time authorizing it to be signed after the adjournment of the court at which the trial was had, and there appears no agreement of counsel as provided by statute, such bill of exceptions will not be considered by the appellate court for any purpose; and the recital at the close of said bill of exceptions that it was tendered and approved "within the time prescribed by the court in which the bill of exceptions may be signed," amounts to nothing more than the statement of the judge, and is insufficient to supply the omission of an order of the court.

2. *Trial of the right of property; sufficiency of verdict.*—While under the provisions of the statute it is the duty of the jury on the trial of the right of property to assess in their verdict the value of each item of property involved separately, if practicable, (Code, § 4143), if there appears no evidence as to the value of each item of the property, and it is recited in the verdict of the jury that the jury find "the issue in favor of the plaintiff for the property described as per agreement," the fact that the jury fail to assess in their verdict each item of property in controversy separately, does not render such verdict insufficient to support a judgment in favor of the plaintiff; the court presuming under such circumstances that it was either impracticable for the jury to assess such items of the property separately, or that the failure to do so was in accordance with the agreement referred to therein.

APPEAL from the Circuit Court of Jackson.

Tried before the Hon. A. H. ALSTON.

This was a statutory trial of the right of property between the appellee, J. J. Arnold & Co., as plaintiff in attachment, and the appellant, the Massillon Engine & Thresher Company, as claimant, and was instituted in

the following manner: J. J. Arnold & Co., as plaintiffs in attachment, sued out a writ of attachment against Morford & Whitehead, and caused the writ to be levied upon the property in controversy. Thereupon the Massillon Engine & Thresher Company, made affidavit and bond and interposed a claim to said property, setting up the fact that the property levied upon under the writ of attachment was not the property of Morford & Whitehead, but was the property of the claimant. Upon the interposition of this claim, issue was formed as directed under the statute, and on this issue the trial was had.

It is unnecessary to set out the facts of the case, as under the rulings of the court the bill of exceptions can not be considered. The facts as to the signing of the bill of exceptions are sufficiently stated in the opinion.

The verdict of the jury, as shown by the judgment entry, was as follows: "We, the jury, find the issue in favor of the plaintiff for the property described as per agreement, one saw mill, consisting of boiler, engine and fixtures levied on by the sheriff, and described in said levy, or the alternate value of said saw mill, which value is assessed by the jury at the sum of eight hundred and fifty dollars." Upon this verdict judgment was rendered for the plaintiff. The claimant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

Von L. Thompson, for appellant.—The verdict of the jury was insufficient to support the judgment.

Under section 4143 of the Code the law requires that as far as is practicable, it is the duty of the jury to assess the value of each article separately. The jury failed to do this and the judgment rendered on that verdict is error, and this alone ought to work a reversal of the case. It is sufficient to refer to citations of authirities under the above section in the Code.

J. E. Brown, contra.

TYSON, J.—What purports to be a bill of exceptions in this record was signed by the presiding judge in va-

[Massillon Engine & Thresher Co. v. Arnold & Co.]

cation. Nothing appears in the record of the court below showing that any order was made by the court in term time, authorizing a bill of exceptions to be signed after the adjournment of the court at which the trial was had. The recital at the close of what purports to be the bill of exceptions: "Tendered and approved, this 15th day of April, 1901, within the time prescribed by the court in which the bill of exceptions may be signed," amounts to nothing more than the statement by the judge and is insufficient to supply the omission of so important requirement as the making of an order by the court. It cannot, therefore, be considered for any purpose.—*Dantzler v. Swift Creek Mill Co.*, 128 Ala. 410 .

With the paper purporting to be a bill of exceptions eliminated, all the assignments of error, except the 13th, are disposed of since they relate exclusively to exceptions reserved upon the trial to the rulings of the court upon the admission and exclusion of testimony and the refusal of written charges. The 13th assignment is predicated upon the failure of the jury in their verdict to assess each item of property in controversy separately. It is true that in suits involving the trial of right of property it is made the duty of the jury, *if practicable,* by their verdict to assess the value of each item of property involved separately.—Code, § 4143, and authorities cited thereunder. It is also true, if it is *impracticable* to assess the value of each piece of property involved, the jury are under no duty to do so. In the absence of all evidence on this point, we are bound to indulge the presumption that the jury did what is required of them. It is but fair to assume that they found it impracticable to assess each item of the property found to belong to the plaintiff, being a "saw mill, consisting of boiler engine and fixtures." Besides there appears by the recitals in the verdict to have been an agreement by which the jury were to be governed in their findings. The judgment entry shows that there was a contest. It recites an appearance in person by plaintiff and claimant and their respective attorneys, that the issue was made up under the direction of the court upon which there was a joinder. Clearly the only inference to be drawn

[Gadsden & Attalla Union Railway Co. v. Julian, Admr.]

is that the agreement referred to in the verdict was entered into by the respective parties litigant or their attorneys during the progress of the trial, and that it had reference to the character of verdict the jury were to render. As the record at which we are authorized to look, does not contain a copy of this agreement, and nothing to the contrary appearing, we feel safe in indulging the presumption that it covered the very defect in the verdict, if it exists, now insisted upon. Doubtless the jury carried out the terms of that agreement whatever they were; at least we will so presume. The burden being upon appellant to affirmatively show error, we cannot presume its existence. On the contrary, the presumption must be indulged in favor of the correctness of the judgment appealed from.

Affirmed.