# Claraday, *et al. v.* Abraham.

### *Ejectment.*

#### (Decided Nov. 23, 1911. 56 South. 720.)

1. *Ejectment; Title; Action by Trustee.*—Actions of ejectment are determinable upon the legal title whether there be a separation of the legal and equitable title or not, and the statute requiring suits on contract for the payment of money to be brought in the name of the real party at interest is without application to ejectment suits.

2. *Same; Pleading.*—Since all the facts going to the denial of plaintiff's title or right of recovery are provable under the general issue, the only proper plea in ejectment is the plea of not guilty.

3. *Same; Equitable Defenses.*—Where plaintiff claimed title as mortgagee and also under a subsequent deed executed upon foreclosure, it was competent for the defendant to show that, being unable to read, they executed the mortgage in reliance upon plaintiff's fraudulent representation as to its contents; such evidence being in law as well as in equity a defense against the title claimed by plaintiff:

4. *Same; Judgment.*—A mere recital in the record of the jury's finding for plaintiff, and an entry of judgment for costs without awarding land to plaintiff, is not sufficient, as a judgment in ejectment should dispose of the land one way or another.

5. *Mortgages; Description of Land; Exception.*—The description stated and held to sufficiently identify the property to pass the legal title, the exception being void, if anything.

APPEAL from Lawrence Circuit Court.

Heard before Hon. D. W. SPEAKE.

Ejectment by Jacob Abraham against Archie Clarady and others. Judgment for plaintiff and defendants appeal. Reversed and remanded.

D. C. ALMON, and S. A. LYNNE, for appellant. The description was uncertain.—*Hurt v. Freeman,* 63 Ala.

[Claraday, et al. v. Abraham.]

335. The court committed error in striking the pleas. —*A. G. S. v. Clark,* 136 Ala. 461; *Owensboro Wagon Co. v. Hall,* 149 Ala. 210. Under the facts in this case evidence of fraud was admissible as going to the merits of plaintiff's titles.—*Rodgers v. Brent,* 50 Am. Dec. 422; *Swift v. Fitzhugh,* 9 Port. 39; *Turnipseed v. McMath,* 13 Ala. 44; *Brown v. Hunter,* 121 Ala. 210. There is no question but that the court committed reversible error in directing a verdict for the plaintiff.

CALLAHAN & HARRIS, W. T. LOWE, and TIDWELL & SAMPLE, for appellee. The description was sufficient.— *Sims v. Thompson,* 30 Ala. 158; *Reynolds v. Elrod,* 43 Ala. 700. The suit was in the plaintiff's individual capacity and it was not necessary that he should show who his cestui que trust was.—*Tray v. Scheford,* 24 Ala. 510; *Bradley v. Graves,* 46 Ala. 277; *West v. Foster,* 60 Ala. 448; *Bryant v. Railroad Co.,* 137 Ala. 488. The plea of the general issue is the proper plea in ejectment, and the court was not in error in its rulings on the plea.—*Smith v. Cox,* 115 Ala. 503; *Richardson v. Stephenson,* 21 South. 949. The mortgage was properly executed and was admissible.—Section 992 and 3374, Code 1907. Under these sections, the deed was admissible. The auctioneer's certificate was admissible. —*Lewis v. Wells,* 50 Ala. 205. The court properly excluded testimony of fraud in the execution of the mortgage, as it went to the consideration of the mortgage indebtedness.—*Lomb v. Pioneer S. & S. Co.,* 17 South. 670; *Kelly v. Assn.,* 64 Ala. 501. With this evidence out, plaintiff was entitled to the affirmative charge.

SAYRE, J.—The complaint follows the Code form in ejectment, except that in the caption plaintiff describes himself as trustee, thus indicating a beneficial owner-

ship of the land sued for in another. Causes in eject-
ment are determinable upon the legal title, and are
none the less so when there is a separation of the legal
and equitable titles. It would seem to be scarcely ne-
cessary to say that the statute requiring suits on con-
tracts for the payment of money to be prosecuted in the
name of the party really interested has no relation to
suits in ejectment.—*Dane v. Glennon,* 72 Ala. 160.

The land sued for is described according to the gov-
ernment survey, and concludes as follows: "Less one
and one-half acres in the north-east corner of the west
half of south-east fourth of said section twenty-one."
The same description occurs in the mortgage upon
which plaintiff's title was based, and which will be no-
ticed in another connection. This description identi-
fies the property sufficiently to pass the legal title. The
exception, if anything, is void.—*Frank v. Myers,* 97 Ala.
437, 11 South. 832; *Loyd v. Oates,* 143 Ala. 321, 38
South. 1022, 111 Am. St. Rep. 39.

If there was error in striking defendant's several
pleas in bar, it was an error of method merely, and did
not prejudice the appellant's defense. The case was
properly tried on the plea of not guilty under which all
facts going in denial of plaintiff's right of recovery were
provable, and which was, indeed, the only appropriate
plea in bar.—*Bynum v. Gold,* 106 Ala. 427, 17 South.
667; *Richardson v. Stephens,* 114 Ala. 238, 21 South.
949.

Appellee, plaintiff below, showed title as a mortga-
gee in a mortgage executed by defendants and a deed
executed and delivered to him upon foreclosure pro-
ceedings in pursuance of the mortgage. Appellants of-
fered to prove that, being unable to read the mortgage
for themselves, they executed the same in reliance upon
appellee's false and fraudulent representation as to its

[Lodge v. Wilkerson, et al.]

contents. This was not an inquiry into the consideration for the mortgage, but was a denial of the valid execution of the mortgage which lay at the foundation of the plaintiff's title, and, if true in fact, was available as a defense against that title at law as well as in equity, no question of bona fide purchaser intervening. —*Swift v. Fitzhugh,* 9 Port. 39-63; *Foster v. Johnson,* 70 Ala. 249; *Smith v. Kirkland,* 81 Ala. 345, 1 South. 276; *Brown v. Hunter,* 121 Ala. 210, 25 South. 924. The court committed error in excluding this testimony, and for this the judgment must be reversed.

No question is made about it, but we think it well to say that, if plaintiff should have a verdict on another trial, he will do well to look to his judgment. In this record there is a judgment for costs, but as to the land there is nothing more than a recital of the jury's finding.—*Bell v. Otts,* 101 Ala. 186, 13 South. 43, 36 Am. St. Rep. 117.

Reversed and remanded.

All the Justices concur.