(131 So. 1)

## COPELAND et al. v. BENSON HARDWARE CO.

### 4 Div. 653.

Court of Appeals of Alabama.
Nov. 25, 1930.

128

Marcus J. Fletcher, of Andalusia, for appellants.

Powell & Albritton, of Andalusia, for appellee.

BRICKEN, P. J.

The Benson Hardware Company, a corporation, appellee, as judgment creditor of W. O. and E. G. Copeland; the judgment was obtained by it on September 7, 1926, for $336 besides costs. Certificate of this judgment was issued and duly recorded in the office of the judge of probate of Covington county on September 11, 1926, and on that date execution was issued, which execution was levied on the property in controversy here, on October 29, 1926. Said property consisted of a gristmill, and fixtures, including a water wheel; at the time of said levy the property in question was in possession of, and being operated by, defendants W. O. Copeland and E. G. Copeland, who lived within 75 yards of the gristmill at that time. One month after such levy was made, on, to wit, November 29, 1926, the several appellants made affidavit and executed their claim bond to the gristmill and fixtures. These claimants were Lewis Copeland, Grady Copeland, D. S. Copeland, Ben Copeland, and Roy Copeland, all of whom were the sons of the defendants W. O. and E. G. Copeland.

Upon the trial of this claim suit which was had on June 3, 1929, the court directed a verdict for the plaintiffs, the value of the property was fixed at $175, and, from the judgment rendered accordingly, this appeal was taken.

■ There are only six assignments of error. The rulings of the court complained of in assignments 5 and 6 were correct; the questions to the witnesses in this connection called for their conclusion or opinion. In no event would error be predicated upon these rulings, for it clearly appears no injury resulted to claimants from the view we take of this case.

■ Assignment 4 is predicated upon the action of the court in overruling the motion for a new trial. We gather from this motion that the principal insistence was under ground 7 thereof wherein the court required of the jury to follow the instructions given them by the court. The other grounds of said motion involved questions coming within the purview of the action of the court in giving the affirmative charge in favor of plaintiff. As to ground 7 of the motion we find no error in the action of the court complained of. It was the duty of the jury to act in accord to the direct instructions of the court, and, failing so to do, the court properly required this action by the jury. It has been well said: "It is essential to an orderly administration of justice that juries should obey the instructions of the court. If the court is in error in giving instructions, the jury should, nevertheless, obey the instructions, and the injured party would have recourse by appeal to this [the appellate] court, which is the proper forum to pass upon the actions of the trial court." Fleming & Hines v. L. & N. R. R. Co., 148 Ala. 527, 41 So. 683.

In this case the appellants based their claim to the property in question through an alleged deed purported to have been made to them by their parents, W. O. and E. G. Copeland, on May 19, 1922; the gristmill, etc., the subject of this controversy, was situated on the land conveyed by this deed.

It is conceded that the appellee had no notice of this deed which was not placed upon

record until several days after the levy had been made.

The evidence discloses that, at the time the above-mentioned deed was executed to the claimants, two of them were living on the place with the defendants in execution, and were living there with the defendants at the time the levy was made.

■ There is no evidence in the record that these appellants (claimants below) were purchasers for value. The property, if conveyed, was evidently a gift. There was no change of possession from the donors to the donees. And, as stated, the appellee had no notice of the deed. All this being affirmatively shown, there was no error in giving the affirmative charge for appellee, for as to appellee the deed in question was inoperative and void. The lower court properly so held. Code 1923, §§ 6896, 7874, 7875, and 10377. Watt v. Parsons, 73 Ala. 202; King v. Paulk, 85 Ala. 186, 4 So. 825; Motley v. Jones, 98 Ala. 443, 13 So. 782; Jordan & Co. v. Collins & Co., 107 Ala. 572, 18 So. 137; Wells, Adm'r, v. Mortgage Co., 109 Ala. 430, 20 So. 136; Street, Ex'r, v. Duncan, 117 Ala. 571, 23 So. 523; Massillon Engine & Thresher Co. v. Arnold & Co., 133 Ala. 368, 32 So. 594; Arnold v. Cofer et al., 135 Ala. 364, 33 So. 539; Hood v. City of Bessemer, 213 Ala. par. 11, page 228, 104 So. 325; Cabaniss v. City of Huntsville, 22 Ala. App. 600, 118 So. 494.

Affirmed.