(133 So. 295)

**HENDON v. McCOY et al.**

**6 Div. 850.**

Supreme Court of Alabama.
March 19, 1931.

Davis & Curtis, of Jasper, for appellant.

Pennington & Tweedy, of Jasper, for appellees.

FOSTER, J.

This is a statutory trial of the right of property on which an execution was levied. The court found and adjudged that defendant in execution was the owner of a leasehold interest in it, that such interest was subject to sale under the execution, and ordered it sold for its satisfaction. But the judgment did not assess the value of the property. The law requires that this be done when practicable, and that the failure to do so is error to reversal. Section 10377, Code; Tait v. Murphy, 80 Ala. 440, 2 So. 317; Townsend v. Brooks, 76 Ala. 308.

In the case of Massillon E. & T. Co. v. Arnold, 133 Ala. 368, 32 So. 594, there was a situation somewhat similar. There was a claim suit involving a "sawmill, consisting of boiler, engine, and fixtures." With some similarity to the instant case, in that one, the verdict found "the issue in favor of the plaintiff for the property described, as per agreement." It was said that, as the record did "not contain a copy of the agreement, and nothing to the contrary appearing, we feel safe in indulging the presumption that it covered the very defect in the verdict, if it exists, now insisted upon." The court further presumed that the agreement was carried into the terms of the verdict relating to the assessment of the value of the property. In this case the property consists of a locomotive, pump, washer, tools, fixtures, attachments, and equipment. The judgment recites that there was an agreed statement of facts. We think that it is within the principles asserted in Massillon E. & T. Co. v. Arnold, supra.

We note other instances when it will be presumed in order to support a judgment that there was an agreement that such a judgment be entered. Robinson v. Starnes, 137 Ala. 438, 34 So. 686; Barton v. Charter Gas Engine Co., 154 Ala. 275, 45 So. 213.

The rule is well settled that, in the absence of a bill of exceptions, the court will

presume the existence of any state of evidence which will support the judgment. Illinois C. R. Co. v. Posey, 212 Ala. 10, 101 So. 644; McGee v. Freeman, 212 Ala. 31, 101 So. 644.

But it is contended that there may not be a so-called leasehold interest in personal property held by a defendant in execution subject to sale under its provisions. Subdivision 2 of section 7806, Code, declares that there shall be subject to execution personal property of defendant whether he has the absolute title or the right to possession for life or for a shorter period; but not when his possession is acquired by a bona fide hiring of chattels. The judgment recites that defendant has a leasehold interest under a written lease. None of its terms are stated.

The interest of a lessee of real estate has been held subject to levy on process issued to collect a debt. McCreery v. Berney Nat. Bank, 116 Ala. 224, 232, 22 So. 577, 67 Am. St. Rep. 105.

■■ The word "lease" is generally used with particular reference to real estate, resulting in the relation of landlord and tenant. 5 Words and Phrases, First Series, page 4043. But, when applied to personal property, it properly results in the relation of bailor and bailee. 5 Words and Phrases, First Series, page 4045; Cadwallader v. Wagner, 7 Kulp (Pa.) 465.

We understand, therefore, that the leasehold interest mentioned in the judgment is of the nature of that interest which is possessed by a bailee of personal property.

■■ Our statute makes the following interests in personal property subject to execution: (1) Absolute ownership; (2) the right to its possession for life; (3) the right to its possession for a period shorter than life. Then by way of further characterization makes it clear that a mere hiring of chattels may not be sold under execution. We are not here concerned with classes 1 and 2 above. But the hiring of a chattel carries with it the right to possession for a period shorter than life. We therefore find that class 3 and the exception overlap. Our concern is to give them both a field of operation. We find that we can do so by holding that such interest of a bailee for a term is subject to execution if it is assignable without the consent of the bailor. The right to assign his interest by a bailee is thus expressed in a leading case: "Where the bailment is accompanied with other contracts or stipulations which affect its character, and give to the bailee other rights, not incident to a simple bailment, and where there is no personal confidence, and none of the characters of an estate at will, and where it would be entirely consistent with the analogies existing in the case of real estate, to hold that the bailee has an assignable interest, which may be transferred to a third person, and where such an assignment, upon the common principles governing the courts, would be enforced and protected as between the parties, and as against all persons whose interests are not injuriously affected by the transfer." Bailey v. Colby, 34 N. H. 34, 66 Am. Dec. 752; 6 Corpus Juris 1129; 3 R. C. L. 86.

And, by way of distinguishing such assignable right when the interest of a bailee is that of one who hires a chattel, the same authority classifies the latter as follows: "The case of letting to hire may fall in either of two classes into which, for our present purpose, we have divided bailments. Such a letting may be at will, or it may partake of the character of a license, or personal confidence, in either of which cases the hirer will have no assignable interest. But it may also be a letting for a fixed time, and without restriction or limitation from which any personal confidence may be inferred. It may be in terms to the party or his assigns, or the character of the use may be such as necessarily to imply that the property may be assigned. And in every such case the hirer may be deemed to have an assignable interest. Thus, a party may lease his farm for years, with the stock and tools upon it. The whole lease, it can hardly be doubted, may be assigned. A party may let furnished lodgings for a term; the lessee has an assignable interest in the furniture. A sheriff, who seizes such interest on execution is liable to the lessor neither in trover nor trespass. Putnam v. Wyley, 8 Johns. [N. Y.] 432–435 [5 Am. Dec. 346]; Ward v. McAuley, 4 D. & E. 489; Gordon v. Harper, 7 D. & E. 9; Edw. Bail. 314."

Why was not that the character of classification which our legislature intended by subdivision 2, section 7806? When such right is assignable without the consent of the bailor, as thus defined, is there any reason why it should not be subject to execution? We think the same reasons which control one conclusion justify the other, and give to all the features of the statute a reasonable room for operation. 23 Corpus Juris, 338.

■■ The judgment in this case does not disclose the nature of the leasehold interest held subject to sale under the execution. But it does recite that the original lessees assigned their interest to defendant in execution. It is therefore a finding that they had an assignable interest, and that it was subject to sale under execution.

In view of our conclusion that there may be an interest in personal property held by a bailee which is assignable and subject to execution, we must presume that such interest was held by this defendant in execution. By reason of the proper presumptions under

the circumstances, we think that the judgment should be and it is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.