6 So.2d 887

## HAYGOOD v. MANLEY.

### 6 Div. 869.

Supreme Court of Alabama.
March 12, 1942.

Smyer, Smyer & Bainbridge, of Birmingham, for appellee.

Geo. I. Case, Jr., of Birmingham, for appellant.

THOMAS, Justice.

The suit is in ejectment and the judgment was for the plaintiff.

Appellant's statement of fact is that the defendant Marvin Haygood in December, 1935, agreed to purchase from the owners a tract of land which included what was represented to him to be Lot 3, Block 1, Brownlee Survey, pointed out to him to be situated at a certain place in Jefferson County, Alabama. He paid the sum of

$16 as part payment, but there was no written contract of purchase executed for the transaction. After entry upon said property, the defendant discovered that the property appeared upon the record as Lot 10, Block 2, Brownlee Survey, and refused to make further payments, stating that the records showed another to be the owner.

After his refusal to make further payments to the plaintiff and to recognize him as the owner, defendant acquired by purchase Lot 10, Block 2, Brownlee Survey, receiving a warranty deed from the record owner which deed was recorded, the plaintiff being duly notified thereof.

The defendant, and plaintiff's mortgagor, acquired title from a common source, namely, Samuel B. Brownlee.

A map of said survey having been recorded in the Probate Office of Jefferson County, Alabama, prior to title being conveyed by plaintiff's predecessor Brownlee, is made a part of the record as plaintiff's Exhibit "A". There are other exhibits referred to that are not before the court. Taylor v. Hoffman, 231 Ala. 39, 163 So. 339.

■ It has been declared by this court that an action of ejectment may be maintained in the name of a person as trustee. That ruling arises from the statute which is that "This action must be brought in the name of the real owner of the land, or in the name of the person entitled to the possession thereof, * * *." Code 1940, Tit. 7, § 938.

In Claraday et al. v. Abraham, 174 Ala. 130, 56 So. 720, it is said that, "The complaint follows the Code form in ejectment, except that in the caption plaintiff describes himself as trustee, thus indicating a beneficial ownership of the land sued for in another. Causes in ejectment are determinable upon the legal title, and are none the less so when there is a separation of the legal and equitable titles. * * *"

The statute construed in Claraday et al. v. Abraham, supra, was in the Code of 1907, § 3839, as rewritten by the Recess Code Committee. This case was cited with approval in Lyons v. Taylor, 231 Ala. 600, 166 So. 15, the court remarking that actions of ejectment, or those in the nature thereof, are determinable upon the legal and not the equitable title. To the same effect is Ritter v. Moseley, 226 Ala. 648, 148 So. 143.

■ It would result from the foregoing that where the property in an ejectment suit, or one in the nature thereof, is involved in a trust estate, the suit must be maintained by the trustee and that such suit will not be subject to demurrer for want of the interested party. Such is the instant case. The trial court overruled the demurrer on this point and in this action we find no error.

■ The other question before the court and on which the ruling appears to have been rested was that the appellant-defendant having been placed in possession of the property sued for by appellee-plaintiff, under the terms of a lease-sale contract, and such defendant having gone into possession of the land as the lessee or vendee, he is estopped to set up any title in himself subsequently acquired without first redelivering the property to the vendor-plaintiff. Such is the rule that has long prevailed in this jurisdiction. Seabury v. Doe ex dem. Stewart, 22 Ala. 207, 58 Am.Dec. 254.

■ The subject was concluded in the late decision of Mizamore v. Berglin, 197 Ala. 111, 72 So. 347, 348, L.R.A.1916F, 1024, the now Chief Justice writing as follows:

"The relationship of vendor and vendee has, so far as the question here involved is concerned, been likened unto that of landlord and tenant. As said by this court in Potts v. Coleman, 67 Ala. [221], 225: 'The vendee, though not strictly a tenant of the vendor, and though the technical relation of landlord and tenant is not created, is estopped from denying the title of the vendor, upon principle and reasoning like that which estops the tenant from disputing the title of the landlord; and the estoppel applies to whoever may acquire possession from the vendee. * * *.'

"The following quotation finds frequent reference in our cases: ' "Whenever one person is placed in such relation to another, by the act or consent of that other, or the act of a third person, or of the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject, antagonistic to the person with whose interests he has become associated." Davis v. Hamlin, 108 Ill. 39, 40, 48 Am.Rep. 541.' * * *."

Authorities are collected to this effect in 18 Am.Jur. p. 31.

We conclude by saying that the recitals in the judgment that the trial court had before it other evidence besides that included in the judgment, is observed. This court has held that where there is no bill of exceptions, the court, on appeal, will presume the existence of evidence supporting the judgment. Hendon v. McCoy, 222 Ala. 515, 133 So. 295.

In Harris v. Barber, 237 Ala. 138, 186 So. 160, 162, the observation was made: "There is no bill of exceptions. The reasonable presumption of correctness will be indulged in favor of the rulings of the trial court. * * * The recitals in the judgment entry are of no avail on the evidence and finding therefrom, when the assignment of error relates to the conclusion and judgment of the trial court sitting without a jury."

We find no error in the rulings and judgment of the trial court, and the same should be and is hereby affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.