This appeal is the result of a judgment for fraud and misrepresentation which was rendered against the appellant in the Circuit Court of Limestone County.
Appellant (The Citizens Bank of Moulton, Alabama) contends that the jury verdict awarding damages to appellees (Donald and Mary Routh) was improper in both its form and substance. Specifically, appellant claims that the jury verdict rendered against it was improper for two reasons: (1) the form in which the jury rendered its verdict demonstrates that the jury failed to follow the instructions of the trial court; and (2) the jury's verdict incorrectly apportioned damages between appellant and its co-defendant at trial in violation of the rule prohibiting contribution between joint tortfeasors.
This appeal arose out of the following events. In June of 1974 appellee Donald Routh contacted Johnny Appleton, a contractor, about the possibility of the latter making certain additions and repairs on Routh's home in Athens, Alabama. After Appleton provided Routh with an estimate of the cost of such an undertaking, the two men entered into a contract in which Appleton promised to make the necessary repairs and additions on Routh's home.
When Routh was unable to obtain a loan with which to finance the work contracted for, Appleton suggested that Routh seek a loan from The Citizens Bank of Moulton. Routh had never dealt with The Citizens *Page 595 
Bank before; however, he agreed to apply to that bank for a loan. Appleton then took Routh to The Citizens Bank and introduced Routh to the bank's president, Wayne Gentry. After preliminary negotiations which lasted several weeks, Routh obtained a construction loan from the bank in the amount of $9,000.00.
At the loan closing on July 23, 1974 Gentry issued two checks to Routh. The first check was for the sum of $1,004.00. This check was made payable to Associates Capital Financing. The proceeds of the check were used to pay off the mortgage held by Associates Capital on Routh's home. The second check was made payable to Donald E. Routh. This check was for the sum of $7,996.00 and it represented the balance of the loan which Routh had obtained from Citizens Bank. Upon receipt of these checks, Routh delivered a mortgage on his home to Citizens Bank to secure payment of the loan. In addition, Routh endorsed and assigned the check made payable to him to Johnny Appleton "for deposit only in the account of Johnny Appleton." Gentry then issued a third check which was made payable to Johnny Appleton and directed Routh to deliver the check to Appleton. The third check was for the sum of $2,000.00. The $2,000 was to pay Appleton for the first phase of construction on Routh's home although that phase had not been completed at the time of the loan closing.
The testimony at trial was in sharp conflict about other events which allegedly transpired at the loan closing between Citizens Bank and Routh. Routh testified that he told Gentry (the bank president) that he (Routh) wanted the loan proceeds placed in a holding account so that Routh could approve the distribution of payments to Appleton as the latter's work progressed. Gentry denied that there was any discussion of a holding or escrow account at this meeting, claiming that Routh authorized the bank to place the loan proceeds directly into an account held by Appleton.
Gentry further contended that Routh's endorsement on the back of the $7,996 check made payable to Routh was evidence of such authorization. Routh claimed that he endorsed the check because Gentry had assured him that the bank would obtain Routh's approval before issuing any further checks to Appleton.
Citizens Bank subsequently deducted an additional $2,000 from the remaining loan proceeds (which had been deposited in Appleton's account) in order to offset past due notes which Appleton owed to the bank.[1] At the conclusion of this transaction, $3,996.00 of the $7,996.00 in loan proceeds which the bank controlled ($9,000 loan minus $1,004 payment to Associates Capital) remained in Appleton's account.
Although Appleton received both cash and credit (on the past due notes) from Citizens Bank as a result of Routh's loan, Appleton did not complete any phase of construction work on the home of Mr. and Mrs. Routh. Indeed, testimony at trial indicated that the work which was done was either left unfinished or of such poor quality that it actually reduced the value of the Rouths' home.
As a consequence of the aforementioned events, Donald and Mary Routh filed a civil action against Appleton and The Citizens Bank of Moulton in September of 1974. The first count of the Rouths' complaint was against Johnny Appleton for breach of contract. The second count of the complaint sought a judgment, jointly or severally, against Appleton and Citizens Bank for fraud and misrepresentation in regard to the financing of the construction work which Appleton failed to perform for the Rouths. The third and final count contained in the complaint sought a judgment, jointly and severally, against Appleton and Citizens Bank for specific performance of the contract between Routh and Appleton. *Page 596 
Apparently the case was tried on all three counts; however the court charged the jury only as to the first two counts of the complaint, and the jury rendered one general verdict solely against Appleton, and another general verdict solely against Citizens Bank. From the latter verdict Citizens Bank appeals.
Citizens Bank bases its appeal on the proposition that a jury is required to adhere to the instructions of the trial court even though such instructions are erroneous, Tombrello v.McGhee, 282 Ala. 408, 211 So.2d 900; Piedmont Fire InsuranceCo. v. Tierce, 245 Ala. 415, 17 So.2d 133; Copeland v. BensonHardware Co., 24 Ala. App. 127, 131 So. 1, and, pursuant to this proposition it claims that the jury ignored the instructions of the trial court in the rendition of its verdict.
The facts with regard to this matter may be summarized in the following manner. Appellees' action was tried on three counts: count one alleged breach of contract and involved only Johnny Appleton; count two charged that Citizens Bank and Appleton were jointly and severally liable for fraud and misrepresentation; count three was identical to count two except that it sought specific performance against Appleton and the bank.
At the close of the case the court first gave its instruction concerning the count for breach of contract. Then the court gave the following instructions on the fraud and misrepresentation count:
 ". . . In the second part of their suit they sued Mr. Appleton and the Citizens Bank of Moulton both, claiming that the two practiced a fraud upon them and that they were misled and damaged as a result of this fraud. . . . Then you will have to decide whether or not Appleton and the bank in this case or either one of them practiced any fraud on the Rouths, and if so, were they damaged and how much were they damaged as a direct result of the fraud. . . .
. . . . .
 ". . . You will have to measure the evidence in this case by all of these definitions and principles and determine for yourself whether or not you are reasonably satisfied from the evidence in this case that either one of these Defendants has practiced a fraud upon the Plaintiffs and whether or not they were damaged thereby, and if so, how much . . . You have to determine how much it would take to punish the offender for his or its wrongful act and to set an example to the public to deter such actions in the future. Now, I hasten to say that you would do that only if you find that a Defendant or Defendants are guilty of fraud. . . .
 ". . . I charge you that under the status of this case as it goes to you, . . [y]ou may or may not find a verdict against both of these Defendants for fraud or you may or may not find a verdict against either of them separately. That depends on your view of the evidence. If after considering all of the evidence in the case you reach a conclusion that the verdict should be against both Defendants, then after you have determined the amount of damages, the form of your verdict would be, `We, the jury, find for the Plaintiffs and we set the damages at blank dollars,'. . . . If you determine that the verdict ought to be against Appleton alone, whether for breach of contract or for fraud, the form of your verdict would be `We, the jury, find for the Plaintiffs against the Defendant Appleton and we set the damages at blank,'. . . . If you find from the evidence in this case a verdict against the bank alone, the form would be `We, the jury, find for the Plaintiffs against the Defendant Citizens Bank and we set the damages at blank dollars.' . . ."
The case then went to the jury on the first two counts in appellees' complaint and the jury rendered the following verdicts:
 "We, the jury, find for the plaintiffs against the defendant, Appleton, and we set the damages at $6,000.00." *Page 597 
 "We, the jury, find for the plaintiffs against the defendant, Citizens Bank, and we set the damages at $8,000.00."
Appellant claims the jury ignored the above quoted instructions by rendering separate judgments against Appleton and Citizens Bank — each judgment being for a different amount. This claim seems to be based on appellant's conclusion that the jury found against both defendants on appellees' second count for fraud and misrepresentation. Consequently, appellant argues that only one verdict against the two parties could be rendered.[2]
Moreover, from these conclusions appellant reasons that the jury's action in rendering two verdicts instead of one constituted an apportionment of damages between the two parties and thereby violated the well-established rule prohibiting contributions between joint tortfeasors. However, we disagree with appellant's contentions.
On at least three occasions in its instructions to the jury the court informed the jury that its members would have to decide whether or not Appleton and Citizens Bank, or either one
of them, defrauded the Rouths. This instruction was entirely proper. Sloss-Sheffield Steel Iron Co. v. Wilkes, 231 Ala. 511,165 So. 764; Hubbard v. Thrasher, 26 Ala. App. 252,157 So. 680. Furthermore, the instructions by the trial court demonstrate that the jury was given the option of rendering one verdict against both defendants (for fraud and misrepresentation) or a separate verdict against each (for fraud and misrepresentation by Citizens Bank and for breach of contract by Johnny Appleton). The jury obviously determined that the facts of the case warranted the latter choice. Otherwise, it would have returned a joint verdict against the defendants in accordance with the trial court's charge. Accordingly, the use of separate verdicts by the jury was in complete compliance with one of the alternatives provided in the trial court's instructions. Thus, the jury did not, as appellant contends, ignore the court's instructions.
It is an established principle that error will not be presumed on appeal. Butler v. Olshan, 280 Ala. 181,191 So.2d 7. In order for a party to complain of error he must show it affirmatively from the record, otherwise the presumption will be that the decision of the trier of fact is correct. Butler v.Olshan, supra. Moreover, a party cannot be permitted to speculate on the results of a court's instruction or claim error with regard thereto without an affirmative showing that such an instruction was ignored by the trier of fact or caused an improper verdict. See City of Decatur v. Finley, 221 Ala. 101,127 So. 518.
In the instant case, appellant speculates that the trial court's instructions were ignored. However, as stated earlier, the court's instructions were not ignored nor were the judgments rendered improper in form or substance. Furthermore, there is nothing before us which would demonstrate that both Appleton and Citizens Bank were found guilty of fraud and misrepresentation. Indeed, the jury apparently determined that Appleton was innocent of fraud and thus based their judgment against him upon his failure to perform construction work on the Rouths' home. Such being the case, Appleton and Citizens Bank can hardly be said to be joint tortfeasors. Likewise, the separate verdicts rendered against Appleton and Citizens Bank did not constitute an apportionment of damages between them on the fraud count, but rather, these verdicts represented separate awards of damages based on two entirely different counts.
We conclude that the jury followed the trial court's instructions and that the use of *Page 598 
separate verdicts by the jury was correct. Therefore, we affirm.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.
[1] Such a procedure is customary since a bank may properly take money deposited in a bank customer's account and use that money to offset debts owed to the bank by the customer. However, the issue at trial was whether or not the bank fraudulently deposited the loan proceeds into the account held by Appleton thereby creating a situation in which the bank could effectuate the offset which occurred.
[2] Alabama Pattern Jury Instruction 37.05:
 "VERDICT AGAINST ALL DEFENDANTS
"If, after a full and fair consideration of all the evidence you are reasonably satisfied therefrom that the plaintiff is entitled to recover against all of the defendants, then you should use the form of verdict which reads:
"`We, the Jury find in favor of the plaintiff and against all of the defendants and assess the plaintiff's damages at ________ dollars ($ ___).'"