* The Supreme Court denied the petition for certiorari sub nom. Ex parte: Moore and McKenzie.
This is a statutory ejectment case.
On June 13, 1974, Addie Williams McKinsey signed an executory contract titled "Agreement for Deed" to purchase a certain realty, including a house, from Mid-State Homes, Inc. The agreement provided for a total sales price of $11,194, of which $250 was paid down with the remaining $10,944 to be paid in monthly installments of $60.80. Upon full payment, Mid-State agreed to convey all of its right, title and interest in the property to the purchaser. In 1975, after a dispute over ownership of a portion of the property with a neighbor and after making needed repairs, Mrs. McKinsey, her children and her mother, Ida Lee Moore, began residing in the house. Thereafter, Mrs. McKinsey became concerned about title to the property and requested Mid-State to produce clear title thereto. When Mid-State failed to do so, she discontinued monthly payments in October 1977. She had paid approximately $2,700 toward the purchase price. After default, she and her family continued to live in the house without making further payments.
On February 4, 1982, Mid-State brought suit for statutory ejectment against Mrs. McKinsey and Mrs. Moore pursuant to §6-6-280, Code of Alabama 1975. The suit was heard ore tenus and a judgment was rendered in favor of Mrs. McKinsey and Mrs. Moore on November 23, 1983, the trial court finding that, because Mid-State failed to produce any evidence of its title to the property, it was not entitled to judgment in its favor. Mid-State appeals, asserting that Mrs. McKinsey and Mrs. Moore are estopped to dispute its title. *Page 174 
As Mrs. McKinsey correctly argues, it is a general proposition of law that a prerequisite to recovery in a statutory ejectment action is that it must appear that the plaintiff held title when the suit was commenced and continued to hold title until the time of trial. Enterprise Lodge No. 352v. First Baptist Church, 288 Ala. 592, 264 So.2d 153 (1972). Such a plaintiff generally cannot recover where it fails to show title, regardless of whether the defendant's title is valid or not. Enterprise Lodge No. 352, supra. However, this rule, which normally applies where two parties hold conflicting titles and one seeks to eject the other, does not apply where the defendant stands in a relation which estops him from denying the plaintiff's title, such as where the defendant claims under a deed from the plaintiff or where the defendant has executed a mortgage in the plaintiff's favor. AtlasSubsidiaries of Florida, Inc. v. Kornegay, 288 Ala. 599,264 So.2d 158 (1972).
Similarly, the principle has been long established in this state that a tenant is estopped, during the term of his lease and thereafter, from denying the title of his landlord as it existed at the inception of the tenancy, unless he surrenders possession to the landlord. Stewart v. Joiner, 268 Ala. 241,105 So.2d 448 (1958). While in possession he may not defeat his landlord's suit against him for possession, even by showing superior outstanding title, Stewart, supra. This estoppel is based on the following reasoning:
 "Whenever one person is placed in such relation to another, by act or consent of that other, or act of a third person, or of the law, that he becomes interested for him, or interested with him, in any subject of property or business, he is prohibited from acquiring rights in that subject, antagonistic to the person with whose interest he has become associated."
Potts v. Coleman, 67 Ala. 221 (1880).
By the same reasoning, the vendee of an executory contract, formerly referred to as a lease-sale contract, is estopped from denying the title of his vendor. Haygood v. Manley, 242 Ala. 435, 6 So.2d 887 (1942). Although the technical relation of landlord and tenant is not created by such a contract, the relationship of vendor and vendee in such transactions is essentially that of landlord and tenant. Wingard v. Randall,269 Ala. 420, 113 So.2d 674 (1959). Thus, the vendee, having been placed in possession of the property by the vendor, may not question his title. Haygood, supra.
Here, the defendants, Mrs. McKinsey and Mrs. Moore, entered into an executory contract providing that legal title to the property would be delivered to them upon full payment of the purchase price. Having so agreed, they obtained equitable but not legal title to the property. Mid-State Homes, Inc. v.Brown, 47 Ala. App. 468, 256 So.2d 894 (1972). While Mid-State's failure to provide clear title may have given them cause to rescind the contract, recover the down payment, monthly payments and interest thereon, Mid-State Homes, supra, we find no authority which would allow them to remain in possession of said property without further payment. Therefore, we find the trial court's judgment denying Mid-State's petition for ejectment to be in error.
REVERSED AND REMANDED.
BRADLEY and HOLMES, JJ., concur.