In June 1974, Addie Williams McKinsey signed an executory contract titled "Agreement for Deed" to purchase an uncompleted house and certain realty from Mid-State Homes, Inc. (Mid-State). The agreement provided for a total sale price of $11,194, with a down payment of $250 and the remaining $10,944 to be paid in monthly installments of $60.80. Mrs. McKinsey and her mother, Ida Lee Moore, moved into the house in 1975, after making certain improvements. Mrs. McKinsey became concerned about title to the property after problems with neighbors who were claiming title to the property. She then requested Mid-State to produce merchantable title thereto. It failed or refused to do so, and in October 1977, Mrs. McKinsey discontinued monthly payments, after having paid approximately $2,700.00 toward the purchase price. Mid-State thereafter brought suit in the Henry County Circuit Court for statutory ejectment against Mrs. McKinsey and Mrs. Moore. On November 23, 1983, the trial court, after evidence was presented ore tenus, held in favor of Mrs. McKinsey and Mrs. Moore, finding that Mid-State had failed to produce evidence of its title to the property at the time of instituting its ejectment suit. Mid-State appealed to this court. The case was reversed and remanded on May 9, 1984. We point out that the reversal did not settle the title in Mid-State. Mid-State Homes v. Moore,460 So.2d 172 (Ala.Civ.App. 1984). Trial activity was not resumed until August 15, 1986, at which time certain motions were filed. The motion at issue here was a motion by defendants (Mrs. McKinsey and Mrs. Moore) for leave to amend their answer and counterclaim. The counterclaim alleged fraud and misrepresentation and requested rescission of the contract, and damages, interest, and costs, as well as further relief as the court found them entitled. That motion was pending as of the trial date. On that date, the trial court allowed the amended counterclaim, *Page 717 
and the matter proceeded to trial without objection. After trial ore tenus, on September 12, 1986, the trial court entered a judgment giving possession of the subject real property to Mid-State, evicting Mrs. McKinsey and Mrs. Moore, and causing them to pay "$4,012.50 as reasonable detention or rental value" of the property. More pertinently, the trial court's order also contained the following judgment:
 "(3) that judgment is entered in favor of defendants [Mrs. McKinsey and Mrs. Moore] and against plaintiff on amended counterclaim in the amount of $17,450.00 plus interest at legal rate from October 1977 to present date and costs. . . ."
Mid-State appeals this judgment of the trial court.
Appellant contends that the award of $17,450 to Mrs. McKinsey and Mrs. Moore was without legal or factual basis and improper under either of recovery advanced in their claims against Mid-State.
The principal issue raised by appellant here is that Mrs. McKinsey and Mrs. Moore failed to prove their claim of fraud. Mrs. McKinsey and Mrs. Moore rely upon the case ofMid-State Homes, Inc. v. Brown, 47 Ala. App. 468, 256 So.2d 894
(1971), which stands for the proposition that in this state every contract for the sale of real property, unless the contrary is specifically pointed out in the instrument itself, implies that the vendee will receive good and merchantable title. Although that case is similar to the case at bar and this court found that the purchaser should have been protected by the seller against adverse title claims, there is one important point of distinction between the cases. In Mid-StateHomes, Inc. v. Brown, supra, the purchaser had promised upon the signing of the contract of sale to give good title upon the payment of full purchase price. The agreement for deed in the present case does not contain or create such warranty. The agreement states that "Sellers hereby covenant and agree to convey to the Buyers all rights, title and interest of the Seller." Thus the agreement clearly states that Mid-State is to convey only that title to the property which it may have. Appellant aptly recites the well-established law:
 "A provision that the purchaser shall accept such title as the vendor has is valid, and if the contract is to convey by a quitclaim deed, it obligates the vendor to convey only his interest in the premises, and does not impose a duty of giving a clear title. Ordinarily, an agreement for the sale of the vendor's right, title, and interest, as distinguished from an agreement to sell and convey the land itself, involves no obligation on the part of the vendor to make a valid or good title."
77 Am.Jur.2d Vendor and Purchaser, § 125 (1975); see also Varyv. Smith, 162 Ala. 457, 50 So. 187 (1909); Heflin v. Phillips,96 Ala. 561, 11 So. 729 (1892). It was the responsibility of the purchaser to determine the status of the title, due to the nature of the conveyance. Therefore, the appellant could not be held for fraud, as it gave no warranty of title in the agreement for deed, and the $17,450 in question could not be awarded on a fraud theory.
Appellant further contends that the award on the amended counterclaim could not properly be based on a reimbursement to Mrs. McKinsey and Mrs. Moore for improvements they had made to the subject property. We agree that such judgment cannot be founded upon reimbursement for improvements. As this court decided in a previous opinion concerning these parties, the relationship between Mmes. McKinsey and Moore and Mid-State was similar to landlord and tenant. Mid-State Homes, Inc. v. Moore,460 So.2d 172 (Ala. 1984). In that situation, the lessor is not obligated to pay the lessee for improvements in the absence of a statute or agreement between the parties. 49 Am.Jur.2dLandlord and Tenant, § 777 (1975); McKelvey v. Terry,474 So.2d 632 (Ala. 1985). The result is the same in a vendor-purchaser relationship.
 "Where the purchaser is in default and the vendor exercises his right to terminate the contract and retake possession he does not thereby, as a general rule, incur any liability to reimburse the purchaser *Page 718 
on account of improvements erected."
77 Am.Jur.2d Vendor and Purchaser, § 600 (1975). Thus, Mrs. McKinsey and Mrs. Moore, because of their default, are not entitled to the value of any improvements to the property, and there was no basis for the trial court's awarding damages for improvements made.
We decline considerable comment regarding the trial court's allowance of the counterclaim of Mrs. McKinsey and Mrs. Moore other than to note that such issue is not before this court. We find no evidence of objection at the time of the trial court's ruling. Thus, the issue is not preserved for the purposes of this appeal. Clayton v. Simpson, 346 So.2d 457 (Ala.Civ.App. 1977).
The record is devoid of evidence establishing damages upon which the $17,450 judgment could be rendered; therefore it is erroneous. It is hereby reversed.
No cross-appeal has been filed concerning the eviction and accompanying judgment of $4,012.50 in favor of Mid-State and against Mrs. McKinsey and Mrs. Moore; therefore that matter is not properly before this court. Malone v. Hanna, 275 Ala. 534,156 So.2d 626 (1963).
REVERSED AND REMANDED FOR ENTRY OF JUDGMENT NOT INCONSISTENT WITH THIS OPINION.
BRADLEY, P.J., and HOLMES, J., concur.