**INDUSTRIAL PARTNERS, LTD., an Illinois Limited Partnership, Plaintiff–Appellant,**

v.

**CSX TRANSPORTATION, INC., a Virginia Corporation, Defendant–Appellee.**

No. 91–7438.

United States Court of Appeals, Eleventh Circuit.

Oct. 1, 1992.

Steven H. Cohen, Michael K. Fridkin, Sachnoff & Weaver, Ltd., Chicago, Ill., for plaintiff-appellant.

L. Vastine Stabler, Jr., Sam Hill, Cabaniss, Johnston, Gardner, Dumas & O'Neal, Birmingham, Ala., for defendant-appellee.

Before ANDERSON, Circuit Judge, HILL, Senior Circuit Judge, and YOUNG,* Senior District Judge.

GEORGE C. YOUNG, Senior District Judge:

Industrial Partners, Ltd. ("Industrial") appeals a judgment of the United States District Court for the Northern District of Alabama granting summary judgment to the defendant CSX Transportation, Inc. ("CSX") as to all counts of Industrial's three-count complaint.

## I. BACKGROUND

It is undisputed that in 1988 CSX spoke to a representative of Industrial about the sale of a 6.14–acre parcel of land (the "Property") in Birmingham, Alabama. The Property was a strip of railroad right-of-way which Industrial needed as access to a portion of a 72–acre parcel on which Industrial planned an industrial park.

Industrial contended that, during negotiations for its purchase of the Property, CSX represented that it would convey the Property to Industrial in fee simple. Industrial alleged that, on December 30, 1988, it purchased the 72–acre parcel of land in reliance on CSX's alleged agreement to convey the Property to Industrial in fee simple. CSX asserted that it merely agreed to convey to Industrial whatever interest CSX had in the Property.

On January 16, 1989, Industrial received from CSX a "Purchase Offer/Contract" (the "Contract") providing for the sale of the Property to Industrial for $92,000. The Contract was executed by Industrial on May 12, 1989, and by CSX on July 20, 1989. Paragraph 7.1 of the Contract provided: "Conveyance shall be by Quitclaim Deed." Prior to the date set for closing, Industrial learned that Lawyers Title Insurance Corporation in a title commitment claimed that CSX did not own the Property in fee simple and that fee simple title was listed in two corporations and one natural person, all of whom are apparently unrelated to CSX. Industrial alleged that CSX refused Industrial's demand to convey the property in fee simple, and Industrial deemed CSX to be in anticipatory breach of the Contract.

On January 30, 1990, Industrial filed its complaint seeking: (a) in Count One, damages for breach of contract for failure of CSX to be able to convey fee simple title to

---

* Honorable George C. Young, Senior U.S. District Judge for the Middle District of Florida, sitting by designation.

the Property; (b) in Count Two, damages for negligent misrepresentation; and (c) in Count Three, specific performance by requiring CSX to convey to Industrial fee simple title to the Property. In its Answer, CSX denied that it represented to Industrial that it owned a fee interest in the Property, contending instead that it merely represented that it would sell its interest in the Property.

Industrial filed a motion for partial summary judgment, seeking judgment in its favor on the contract claims, Count One and Three. CSX also filed a motion for summary judgment, seeking judgment in its favor on all three Counts. On April 24, 1991 the District Court denied Industrial's Motion for Summary Judgment as to Counts One and Three and granted CSX's Motion for Summary Judgment as to all three counts. On the same date the case was dismissed with prejudice and this appeal followed.

## II. STANDARD OF REVIEW

■ Because this is an appeal from a grant of summary judgment, this Court's review is plenary, and we apply the same legal standards as those that controlled the district court. *Martin v. Baer*, 928 F.2d 1067, 1070 (11th Cir.1991). Under Rule 56(c), Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions of record, with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

## III. DISCUSSION

A. The Contract Counts (Counts One and Three):

As previously noted, Count One of Appellant's complaint sought damages for alleged breach of contract and Count Three

sought specific performance requiring CSX to convey fee simple title to the Property to appellant Industrial. There is no dispute that counsel for both parties conceded in the district court that the terms of the Contract would govern the resolution of Counts One and Three.[1] The district judge found that the provisions of the Contract were controlling as to all three counts so that no further evidence was required. As to Counts One and Three, we agree and affirm.

■ The first sentence of paragraph 4.1 of the Contract states that "(c)onveyance shall be by Quitclaim Deed." As the United States Supreme Court explained:

A deed of this character purports to convey, and is understood to convey, nothing more than the interest or estate of which the grantor is seized or possessed at the time; and does not operate to pass or bind an interest not then in existence. The bargain between the parties proceeds upon this view; and the consideration is regulated in conformity with it. If otherwise, and the vendee has contracted for a particular estate, or for an estate in fee, he must take the precaution to secure himself by the proper covenants of title.

*Van Rensselaer v. Kearney*, 52 U.S. (11 How.) 297, 322, 13 L.Ed. 703 (1850). The Supreme Court of Alabama follows the same interpretation of "quitclaim deed":

One who takes under a quitclaim deed acquires only such title and interest as his grantor had, and is not within the protection of a bona fide purchaser.

*Crump v. Knight*, 256 Ala. 601, 56 So.2d 625, 628 (1952). In *Mid–State Homes, Inc. v. Moore*, 515 So.2d 716 (Ala.Civ.App.1987), the Alabama Court of Civil Appeals cited with approval the following language from 77 Am.Jur.2d Vendor and Purchaser § 125 (1975):

A provision that the purchaser shall accept such title as the vendor has is

---

1. Because Industrial concedes that the terms of the Contract govern these Counts, we need not discuss the applicability of the parol evidence rule. As will be discussed below, on appeal

Industrial's counsel contends that it conceded to the district court that the terms of the Contract controlled the outcome *only* as to Counts One and Three.

valid, and if the contract is to convey by a quitclaim deed, it obligates the vendor to convey only his interest in the premises, and does not impose a duty of giving a clear title.

515 So.2d at 717. We conclude that Alabama law clearly construes a quitclaim deed as conveying only such interest as the grantor may have and that if the grantee contracts for such a conveyance he is on notice that he cannot expect a conveyance assuring a fee simple title.

Another provision of the Contract adds emphasis to the construction that conveyance of a clear title was not contemplated by the parties. Paragraph 7.3 of the Contract provided:

> Title insurance, if desired by Buyer, shall be obtained by Buyer, at Buyer's sole cost and expense. Neither the failure of Buyer to obtain same, nor any objections of title insurer, shall avoid or delay settlement.

Despite the existence of the foregoing provision, Industrial refused to close the purchase after learning of the title insurer's objection, even though CSX was ready and willing to convey its interest by a quitclaim deed. On these undisputed facts, CSX had not breached the Contract so Industrial was not entitled to damages or to specific performance.[2] Accordingly, we conclude that CSX was properly granted summary judgment on Counts One and Three.

### B. The Negligent Misrepresentation Count (Count Two):

■ Industrial alleged in Count Two of its Complaint that, in 1988, it purchased, developed, subdivided and leased the 72–acre parcel of land in reliance on misrepresentations by CSX that CSX owned and would convey to Industrial fee simple title to the Property.[3] In its order, the district court acknowledged that Industrial Partners had filed a claim for negligent misrepresentation. The district court then stated that the dispute turned entirely upon an interpretation of the contract itself because, according to the court, at oral argument "counsel for both parties agreed that the terms of the contract must govern the outcome of this dispute." The district court did not explain the legal basis for ruling in favor of CSX as to Count Two.

Before this Court, Industrial argues that, in the district court, it relied entirely on the terms of the Agreement with respect to its motion for partial summary judgment, which was addressed only to Counts One and Three, and with respect to CSX's motion for summary judgment only insofar as CSX sought summary judgment on Counts One and Three. A review of the record reveals that CSX proffered evidence in support of its motion for summary judgment as to Count Two to show that it owned the Property in fee simple, and that Industrial opposed that portion of the motion with its own affidavits showing that CSX did not own the fee.[4]

In response, CSX now asserts that Industrial has waived any argument independent of the terms of the contract on the negligent representation claim because Industrial "refused to proceed on" this theory before the district court. As alternative arguments, CSX asserts first that the district court correctly found that the language of the Agreement defeats the claim of negligent misrepresentation; and, second, that CSX actually owns the Property in fee simple either by deed or adverse possession.

---

**2.** If CSX does in fact own the property in fee simple, then the quitclaim deed referred to in the Contract would convey that interest.

**3.** While it is not clear from the record before us precisely when the development, subdivision and leasing took place, it is alleged that the purchase of the 72–acre parcel occurred in 1988, prior to the execution of the Contract for the sale of the Property. As noted earlier, the Contract was executed by Industrial on May 12, 1989, and by CSX on July 20, 1989.

**4.** The record before this Court does not contain a transcript of the oral argument held on the motions for summary judgment. At oral argument before this Court, counsel for Industrial recalled that CSX's motion for summary judgment as to Count Two was not addressed at the oral argument held before the district court even though controverted evidence, as noted above, had been placed in the record.

We believe that the district court misapprehended Industrial's position when it found that Industrial agreed that the terms of the Contract alone governed the outcome of CSX's motion for summary judgment on Count Two, and, in the absence of an explanation by the district court, we are unable to discern the legal basis for the district court's conclusion that "the terms of the contract" are dispositive of Industrial's negligent misrepresentation claim.

 We choose to remand to the district court for specific findings and decision as to Count Two, which may require, in the district court's discretion, further briefing or argument by the parties as to Industrial's claim for negligent misrepresentation. Under Alabama law, the elements of a claim of negligent misrepresentation are: (1) a misrepresentation (2) concerning a material fact (3) justifiably relied on by the plaintiff (4) and loss or damages proximately caused by such misrepresentation. *Resolution Trust Corp. v. Mooney*, 592 So.2d 186, 188 n. 2 (Ala.1991) (citing ALA.CODE § 6–5–101). Issues which may need to be addressed include but are not necessarily limited to whether Alabama would allow this claim to proceed in tort as a negligent misrepresentation claim rather than as a breach of contract claim, and the effect of section 8–9–2 of the Alabama Code (1975) on this claim.[5] In so doing, we in no way intimate any prejudgment as to whether the claim asserted in Count Two may be properly resolved on summary judgment or as to the merits of this claim.

For the reasons expressed ·we AFFIRM the district court's order granting summary judgment in favor of CSX and against Industrial on Counts One and Three of Industrial's complaint. As to Count Two of the complaint, we VACATE the district court's order granting summary judgment and REMAND for further consideration by the district court.

Judge Hill would affirm as to all three counts.

---

**5.** While Section 8–9–2 of the Alabama Code (1975) requires that all contracts for the sale of real property be in writing and be signed by the party against whom the contract is asserted, the statute of frauds was not asserted by CSX as a basis for its motion for summary judgment on Count Two.

We note that some states have held, under the theory of promissory estoppel, that damages may be granted in cases involving nonfraudulent oral representations that otherwise would be unenforceable under the statute of frauds. In *Durham v. Harbin*, 530 So.2d 208 (Ala.1988), however, the Supreme Court of Alabama held that only two exceptions are cognizable under Alabama law:

[O]utside of those situations where the defense has been waived, a plaintiff may rely only on the statutory part performance exception or on an exception based on the defendant's fraudulent conduct, a form of equitable estoppel.... Moreover, the fraud required to make this showing must be "inherent fraud—that is, an intention not to perform operating from the inception of the transaction," and a mere refusal to perform a promised act is insufficient evidence of such inherent fraud to allow equity's intervention...."

*Id.* at 212 (footnote and citations omitted).